**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**
*Electronically Filed*

| | |
|---|---|
| SCHILLER KESSLER & GOMEZ, PLLC, )<br>A Kentucky Professional Limited Liability )<br>Company, By and Through its Shareholder/ )<br>Member, Alan Lani )<br>  )<br>         Plaintiff,         )<br>  )<br>v.   )<br>  )<br>SCHILLER KESSLER & GOMEZ, PLC,   )<br>A Florida Professional Limited Company,   )<br>MARC SCHILLER, ANDREW KESSLER, )<br>MARCELO GOMEZ,           )<br>  )<br>         Defendants.         )  | Civil Action No. 3:16-cv-18-DJH |

## NOTICE OF REMOVAL

Defendants Schiller Kessler & Gomez, PLC ("SKG PLC"), Marc Schiller ("Schiller"), Andrew Kessler ("Kessler"), and Marcelo Gomez ("Gomez") (all defendants collectively referred to herein as "the Defendants"), by and through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C. § 1446 of their removal of the above-captioned case from the Commonwealth of Kentucky, Jefferson Circuit Court, to the United States District Court for the Western District of Kentucky, Louisville Division. The grounds for removal are as follows:

1. Plaintiff commenced this action by filing a complaint on December 1, 2015 in the Commonwealth of Kentucky, Jefferson Circuit Court, and the case was docketed at 15-CI-006050. The Complaint purports to be a derivative action on behalf of Schiller Kessler & Gomez PLLC ("the Company") by and through a citizen of the Commonwealth of Kentucky, Alan Lani ("Lani"), who is no longer a member of the Company.

2. Copies of the Complaint and Summons were served upon each of the Defendants by certified mail received on December 11, 2015. A true and correct copy of the Complaint is attached hereto as Ex. A. No other pleadings or papers have been filed in this litigation.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon Defendants of the Complaint and Summons; therefore, Defendants' removal of this action is timely.

4. The time for Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired as Plaintiff's counsel has granted an extension to respond to the Complaint, which such response is not due until January 8, 2016.

5. Concurrent with the filing of this Notice, Defendants are serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Commonwealth of Kentucky, Jefferson Circuit Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 97(a) and 1441(a), because the United States District Court for the Western District of Kentucky is the Federal Judicial District embracing the Commonwealth of Kentucky, Jefferson Circuit Court, where this action was originally filed.

7. By filing a Notice of Removal in this matter, Defendants do not waive their rights or the rights of other persons or entities to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and the Defendants specifically reserve the right to assert any defenses and/or objections to which they may be entitled.

**DIVERSITY OF CITIZENSHIP**

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Through the consideration of proper alignment and designation of the parties, complete diversity exists between the parties to this action.

10. Defendant Schiller is a citizen and resident of the State of Florida. *See* "Affidavit of Marc Schiller," ¶ 7 attached as Ex. B.

11. Defendant Kessler is a citizen and resident of the State of Florida. *See* "Affidavit of Andrew Kessler," ¶ 7 attached as Ex. C.

12. Defendant Gomez is a citizen and resident of the State of Florida. *See* "Affidavit of Marcelo Gomez," ¶ 7, attached as Ex. D.

13. Defendant SKG PLC is a Florida professional limited company, the citizenship of which for diversity jurisdiction purposes is determined by the citizenship of each of its members. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). The members of SKG PLC are three professional corporations, namely, (i) Law Offices of Marc S. Schiller, P.A., a Florida professional association incorporated and having its principal place of business in Florida and whose sole shareholder is Defendant Schiller, (ii) Andrew H. Kessler, P.A., a Florida professional association incorporated and having its principal place of business in Florida and whose sole shareholder is Defendant Kessler, and (iii) Marcelo Gomez, P.A., a Florida professional association incorporated and having its principal place of business in Florida and whose sole shareholder is Defendant Gomez. *See* "Affidavit of Marc Schiller," ¶ 16 attached as Ex. B. Each professional corporation is a citizen of its state of incorporation and the state in

which it maintains its principal place of business.  Therefore, the citizenship of Defendant SKG is exclusively Florida.

14. Lani has purportedly filed this derivative action as the Company's representative; however, Lani did not separately name the Company as a defendant.  As Moore's Federal Practice notes: "As a practical matter, the corporation is initially named as a defendant in order to ensure its presence as a party to the suit….The decision regarding alignment is vested within the district court's discretion.  If the management of a corporation is actively antagonistic or opposed to a suit, the corporation should remain a defendant."  See Moore's Fed. Practice § 23.1.12[2], attached as Ex. E; see also R. Judson Scaggs, Jr. and Dustin B. Hillsley, *Derivative Lawsuits*, 101-2nd Corporate Practice Portfolio Series (BNA) at A-9 ("Failure to name the corporation as nominal defendant at any state of the derivative action must result in a dismissal of the entire action.") (citation omitted) (attached as Ex. F).

15. The written operating agreement of the Company vests managerial control in the majority of the Members.  See Operating Agreement § 2.1, attached as Ex. G.  At all times Defendant SKG PLC has constituted a majority of the Members.  See id. § 1.1(bb) (definition of "Majority").  Defendant SKG PLC, as the majority and since December 1, 2015 the sole member of the Company, has resolved that it is opposed to the Complaint.  See Resolutions dated December 30, 2015 filed herewith as Ex. J.

16. Given this failure to properly designate or align the parties in this action, the Court should consider Lani individually as the Plaintiff for diversity jurisdiction purposes.  It is only the stockholder's citizenship, not the citizenship of the business entity on whose behalf the stockholder purports to act, that is considered for diversity purposes.  *See, e.g., Van Gelder v. Taylor*, 621 F. Supp. 613, 621 (N.D. Ill. 1985) ("In a shareholder's derivative action, where

diversity of citizenship exists between the stockholder and defendants, diversity need not also exist between the beneficiary corporation and defendants.").

17. This treatment is especially appropriate where, as is here the case, the Plaintiff is no longer a member of the LLC on whose behalf he purports to bring the derivative action.

18. Lani, the individual purporting to be a representative of the Company, is a citizen and resident of the Commonwealth of Kentucky.

19. Prior to December 1, 2015, the membership of the Company was (a) Lani – with a 33.33% interest and (b) SKG PLC – with a 66.67% interest. *See* "Affidavit of Marc Schiller," ¶ 11 attached as Ex. B.

20. On November 18, 2015, Lani tendered his resignation in the Company, by email, to be effective November 30, 2015. *See* "Affidavit of Marc Schiller," ¶ 12, attached as Ex. B, and Lani's November 18, 2015 email, attached as Ex. H.

21. By resolution adopted in accordance with the Company Operating Agreement, the Company accepted Lani's resignation – resolving that "Alan Lani is no longer a member in the Company" – while reserving any and all claims that the Company may have against Lani for breach of the Operating Agreement. *See* "Affidavit of Marc Schiller," ¶ 13 attached as Ex. B and the Resolution, attached as Ex. I.

22. On and since December 1, 2015, the date the Complaint was filed, Lani was not a member of the Company and has not been a member of the Company.

23. Because Lani was not a member of the Company on the date this action was filed, his citizenship is not attributed to the Company. *See*, *e.g.*, *Provident Energy Associates of Montana v. Bullington*, 77 Fed. Appx. 427, 2003 WL 22301792 (9th Cir. 2003) (Where, pursuant to state law, an LLC member had ceased to be a member by reason of its bankruptcy, that

member's citizenship was not relevant for diversity purposes); *Metalmark Northwest, LLC v. Stewart*, Case No. 04-682-KI, 2008 WL 803011 (D. Or. Mar. 20, 2008) (where member was dissociated from LLC by reason of dissolution, that former member's citizenship would not be attributed to the LLC for purposes of determining diversity).

24. Duly-retained counsel for the Company intend to intervene in this action to seek dismissal of the derivative action and its attorneys' fees and costs associated therewith from Lani, as permitted under KRS § 275.337. Likewise, the Defendants intend to also seek dismissal of this action and such fees and costs from Lani and to potentially pursue breach of contract and breach of fiduciary duty claims against Lani individually through counter-claims or third-party claims. However, for diversity jurisdiction purposes, the Court should simply consider the following:

    (a) the "Plaintiff" should be properly designated as Alan Lani, the purported representative of the Company, who is a citizen and resident of the Commonwealth of Kentucky;

    (b) the named Defendants, who are all citizens of the State of Florida; and

    (c) the realignment of the Company as itself a Nominal Defendant, whose citizenship is that of its sole member as of the date the Complaint was filed – SKG PLC – a citizen of the State of Florida.

25. Because the person to be considered the Plaintiff is a citizen of Kentucky and the Defendants are not citizens of Kentucky, complete diversity exists in this action.

## **AMOUNT IN CONTROVERSY**

26. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.

27. Here, though the Defendants dispute the allegations, including Plaintiff's entitlement thereto, the Complaint explicitly alleges loss of fees payable in the amount of $400,000.00. *See* Complaint, ¶ 20.

28. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendants.

29. All Defendants have consented to this removal.

WHEREFORE, Notice is given that this action is removed from the Commonwealth of Kentucky, Jefferson Circuit Court to the United States District Court for the Western District of Kentucky.

DATED: January 8, 2016.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher E. Schaefer* | */s/ Michael W. McClain w/ permission* |
| Christopher E. Schaefer | Michael W. McClain |
| STOLL KEENON OGDEN PLLC | MCCLAIN DEWEES, PLLC |
| 2000 PNC Plaza | 6008 Brownsboro Park Blvd., Suite H |
| 500 West Jefferson Street | Louisville, KY 40207 |
| Louisville, Kentucky 40202 | Tel: (502) 749-2388 |
| Tel: (502) 333-6000 Fax: (502) 333-6099 | Email: mmcclain@mcclaindewees.com |
| E-mail: christopher.schaefer@skofirm.com | |
| | *Counsel for SKG PLC and the Individual Defendants* |
| Shannon A. Singleton | |
| STOLL KEENON OGDEN PLLC | |
| 300 West Vine Street, Suite 2100 | |
| Lexington, Kentucky 40507 | |
| Tel: (859) 231-3692 Fax: (859) 253-1093 | |
| Email: aj.singleton@skofirm.com | |
| | |
| *Counsel for Schiller Kessler & Gomez, PLLC* | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via U.S. Mail, postage prepaid, this 8th day of January, 2016, upon the following:

Robert D. Johnston
Johnston Law Office
The Howard-Hardy Building
429 South 2nd Street, PO Box 70415
Louisville, Kentucky 40270
*Counsel for Plaintiff*

*/s/ Christopher E. Schaefer*
*Counsel for Schiller Kessler & Gomez, PLLC*

115590.153643/4472251.3