# EXHIBIT A

CASE NO. 15-CI- **15CI 006050**                    JEFFERSON CIRCUIT COURT
                                                   DIVISION _____ (__)
                                                   HON. _____

SCHILLER KESSLER & GOMEZ, PLLC
A Kentucky Professional Limited Liability Company
By and through its shareholder/member, Alan Lani

v.



COMPLAINT

SCHILLER KESSLER & GOMEZ, PLC
A Florida Professional Limited Company

    Serve Via Secretary of State

MARC SCHILLER

    Serve Via Secretary of State

ANDREW KESSLER

    Serve Via Secretary of State

MARCELO GOMEZ

    Serve Via Secretary of State

---

Comes the plaintiff, by counsel, and for its cause of action against the defendants and in support of the same, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The plaintiff Schiller Kessler & Gomez, PLLC (hereinafter sometimes "SKG Kentucky") is a Kentucky professional limited liability company that is currently active

1

and in good standing. This lawsuit constitutes a derivative action filed on behalf of the membership interests in the plaintiff company and is initiated by company member Alan Lani.

2. The defendant Schiller Kessler & Gomez, PLC (hereinafter "SKG Florida") is a Florida professional limited company that may be served through the Secretary of State pursuant to KRS 454.210.

3. The defendants Marc Schiller, Andrew Kessler, and Marcelo Gomez are believed to be residents of the state of Florida, constitute the sole members of SKG Florida, and may be served through the Secretary of State pursuant to KRS 454.210.

4. Jurisdiction, venue, and amount in controversy in this case are all appropriate and proper to be heard by this Honorable Court.

5. On or about July 28, 2006 the defendants Marc Schiller, Andrew Kessler, Marcelo Gomez, and a fourth individual who is not party to this lawsuit, caused to be filed with the Kentucky Secretary of State, articles of organization establishing a Kentucky professional limited liability company named Schiller, Kessler, Crooks, & Gomez, PLLC.

6. On or about February 29, 2012 the defendants Marc Schiller, Andrew Kessler, and Marcelo Gomez caused to be filed with the Kentucky Secretary of State an "Amended and restated" articles of organization with the Secretary of State, which

2

among other things, reflects membership interest held by those individual defendants alone.

7. From about July 28, 2006 through the present, the business entity that is now Schiller, Kessler, & Gomez, PLLC (hereafter "SKG Kentucky"), operated within the territorial confines of the Commonwealth of Kentucky as a law firm specializing in the practice of personal injury law.

8. Upon knowledge and belief, at no time between July 28, 2006 through the present have any of the individual defendants Marc Schiller, Andrew Kessler, and/or Marcelo Gomez been licensed to practice law in the Commonwealth of Kentucky.

9. From about July 28, 2006 through the present, SKG Kentucky has in their regular course of dealing entered into litigation co-counsel arrangements with other lawyers and law firms operating in Kentucky. The purpose of such arrangements is to refer certain client matters requiring litigation to outside counsel not associated with the firm.

10. As part of SKG Kentucky's litigation co-counsel arrangements, SKG Kentucky shares in the expense of prosecuting the cases referred out and shares legal and ethical responsibility for the handling of the cases. SKG Kentucky and litigation co-counsel then share in the fees generated by the joint representation.

11. On or about March 1, 2012 the defendants Marc Schiller, Andrew Kessler, and Marcelo Gomez intentionally began directing SKG Kentucky's litigation co-counsel to send fees generated as part of SKG Kentucky's co-counsel litigation arrangements away from SKG Kentucky and directly to SKG Florida.

12. At the time of the diversion of such fees by the defendants, the defendants were not party to any fee sharing arrangement, bore no personal or professional responsibility for the handling of the Kentucky cases, and were not entitled to any portion of the fees generated by the joint representation of SKG Kentucky and litigation co-counsel.

13. On or about August 11, 2014, the defendants Marc Schiller, Andrew Kessler, and Marcelo Gomez approached Honorable Alan Lani and offered him a membership interest in SKG Kentucky, the plaintiff herein.

14. The purpose of the arrangement proposed by the defendants Schiller Kessler and Gomez, was to allow the defendants, through SKG Kentucky, to continue to operate in Kentucky by associating with an attorney licensed to practice law in Kentucky, that attorney being Alan Lani.

15. During the negotiation of the proposed arrangement, it was represented to Alan Lani that SKG Kentucky and its litigation co-counsel would handle all cases generated by SKG Kentucky, and that all fees generated thereby would be received

4

by SKG Kentucky. At no time prior to August 11, 2014 did the defendants Marc Schiller, Andrew Kessler, and/or Marcelo Gomez reveal to Alan Lani that fees generated by cases referred to litigation co-counsel had been, and/or would be, diverted to the defendant SKG Florida.

16. Prior to and during their negotiations with Alan Lani the defendants Marc Schiller, Andrew Kessler, and Marcelo Gomez conspired against Alan Lani to deprive him of his percentage of the net profits of SKG Kentucky by diverting fees properly payable to SKG Kentucky to SKG Florida.

17. On or about August 11, 2014 the defendants reached an agreement whereby Alan Lani would be granted a membership interest in SKG Kentucky in return for him acting as Kentucky counsel and managing the day-to-day operations of the company law firm in Kentucky.

18. From August 11, 2014 through the present time the defendants Marc Schiller, Andrew Kessler, and Marcelo Gomez, individually and through SKG Florida, have improperly diverted fees properly payable to SKG Kentucky to SKG Florida.

19. The diversion of fees properly payable to SKG Kentucky has deprived SKG Kentucky of operating capital and negatively affected its net profits, which in turn has reduced amount and of funds available for distribution to its members.

5

20. As a direct and proximate result of the conduct, acts, and omissions of the defendants SKG Florida and its members defendants Marc Schiller, Andrew Kessler and Marcelo Gomez, SKG Kentucky has incur the loss of fees payable in excess of four hundred thousand dollars ($400,000.00) and expenses resulting from the loss of working capital.

21. Upon discovery of financial irregularities and the diversion of funds properly payable to SKG Kentucky, representative member Alan Lani attempted to negotiate with the defendants in good faith to fix, mitigate, and remedy the matter. In response to Lani's efforts and in retaliation therefore, the defendants have further conspired and acted to deprive SKG Kentucky and its individual members of the benefit of their association with the company and their interest in net profits and fees vested and properly payable to SKG Kentucky and its members.

22. The conduct, acts, and omissions of the defendants collectively constitute conversion of funds rightly payable to SKG Kentucky and its members, breach of fiduciary duties toward SKG Kentucky and its members, and the agreement(s) reached between the individual defendants Marc Schiller, Andrew Kessler, and Marcelo Gomez constitute a civil conspiracy to defraud SKG Kentucky of fees properly payable to it, and the proper division and distribution of SKG Kentucky's net profits to its members.

WHEREFORE, the plaintiff Schiller Kessler & Gomez, a Kentucky PLLC, by and through its representative member demands:

1. For leave to amend its complaint and add additional parties and/or claims as justice may require;

2. For judgment against the defendants, Schiller Kessler & Gomez, PLC, Marc Schiller, Andrew Kessler, and Marcelo Gomez, jointly and severally, in an amount necessary to compensate the plaintiff for its financial damages and to make it whole;

3. For the protection of the interest(s) of any individuals or entities that may have claims against the defendants as a result of the defendants' conduct as set out herein;

4. For interest on any funds converted or diverted by the defendants at the legal rate;

5. For punitive damages;

6. For trial by jury on any contested issue of fact;

7. For its costs and attorney fees; and

8. For any other relief to which it may be entitled.

Respectfully submitted,

_____
ROBERT D. JOHNSTON
The Howard-Hardy Building
429 South 2nd Street
Louisville, KY 40202
(T) 502-561-2300
(F) 502-561-2302
(E) rdjohnston.atty@gmail.com