UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALAN LANI, on behalf of
SCHILLER KESSLER & GOMEZ, PLLC,                                    PLAINTIFF
A Kentucky Professional Limited Liability Company,[1]


v.                                              CIVIL ACTION NO. 3:16-cv-00018-CRS


SCHILLER KESSLER & GOMEZ, PLC,                                     DEFENDANTS
A Florida Professional Limited Company,
MARC SCHILLER; ANDREW KESSLER;
MARCELO GOMEZ;
SCHILLER KESSLER & GOMEZ, PLLC

Memorandum Opinion

I. Introduction

This is a shareholder derivative action. Before the Court are the following motions:

1. A motion to dismiss for lack of subject-matter jurisdiction, personal jurisdiction, and failure to state a claim.
2. A motion to intervene and realign the parties.
3. A motion to remand.
4. An alternative motion to add a party defendant and remand.
5. A motion to hold in abeyance the motions to dismiss and to intervene and realign the parties.
6. A motion for leave to file a sur-reply in response to the motion to dismiss and to realign parties.

The Court will deny the motion to remand, deny as moot the alternative motion to add a party defendant, deny the motion to stay, and deny leave to file a sur-reply. The Court will grant the unopposed motion to dismiss and the motion to intervene and realign the parties.

II. Background

---
[1] For clarity, the Court has used the caption that takes effect with the Court's order.

1

Before discussing the motions before the Court, the Court will discuss the parties and their current alignment in the hope that it will clarify who has filed what motion in this case.

On December 1, 2015, this shareholder derivative action was filed in Jefferson Circuit Court. Compl. 1, ECF No. 1-1. The complaint identifies the plaintiff as Schiller Kessler & Gomez, PLLC and says that attorney Alan Lani, a member of Schiller Kessler & Gomez, PLLC, filed the lawsuit on behalf of Schiller Kessler & Gomez, PLLC's membership interests. *Id.* at 1 – 2. The Court will refer to Schiller Kessler & Gomez, PLLC as the "Company." The Court will refer to Lani, who purports to act on behalf of the Company, as the "Plaintiff." The complaint lists the defendants as Schiller Kessler & Gomez, PLC, Marc Schiller, Andrew Kessler, and Marcelo Gomez. *Id.* at 1.

On January 8, 2016, a notice of removal was filed with this Court, asserting diversity jurisdiction. Not. Removal 3, ECF No. 1. The removing defendants were Schiller Kessler & Gomez, PLC, Marc Schiller, Andrew Kessler, and Marcelo Gomez. *Id.* at 1. The removing defendants asserted that diversity of citizenship exists once the Court properly aligns and designates the parties. *Id.* at 3. The Court will refer to Schiller Kessler & Gomez, PLC as the "Florida firm." The Court will refer to Marc Schiller, Andrew Kessler, and Marcelo Gomez as the "Individual Defendants."

Also on January 8, 2016, the Company moved to intervene and realign the parties so that the Company would be named as a nominal defendant. Def.'s Mot. Intervene, ECF No. 3. As explained in Section III(B), the Court will grant the Company's motion to intervene and realign the parties. Therefore, the Court will refer to the Florida firm, the Individual Defendants, and the Company as the "Defendants." Simultaneous with the notice of removal and motion to

2

intervene, the Defendants moved to dismiss for lack of subject-matter jurisdiction, failure to state a claim, and lack of personal jurisdiction. Defs.' Mot. Dismiss, ECF No. 2.

On February 8, 2016, the Plaintiff moved to remand. Pl.'s Mot. Remand, ECF No. 6. That same day, the Plaintiff moved in the alternative to add the Company as a party defendant and to remand. Pl.'s Mot. Am., ECF No. 7. Also that day, the Plaintiff moved to stay a decision on the motion to dismiss and to realign the parties until the Court resolved an alleged conflict of interest on behalf of defense counsel. Pl.'s Mot. Stay, ECF No. 8.

In general, the Plaintiff alleges that the Individual Defendants diverted fees from the Company to the Florida firm. *See, e.g.*, Compl. at 4. The Plaintiff did not respond to the motion to dismiss or the motion to intervene. On February 29, the Plaintiff moved for leave to file a sur-reply in response to the motions to dismiss and intervene. Pl.'s Mot. Sur-Reply, ECF No. 11.

## III. The motion to remand; motion to intervene and realign; motion for leave to file a sur-reply; and motion to stay

### A. The motion to remand

The Plaintiff asks the Court to abstain from exercising jurisdiction under the *Burford* doctrine and remand. Pl.'s Mem. Supp. Mot. Remand, ECF No. 6-1. Under the *Burford* doctrine, a federal court may decline to exercise diversity jurisdiction when the exercise of that jurisdiction would disrupt a state administrative scheme. *Saginaw Hous. Com'n v. Bannum, Inc.*, 576 F.3d 620, 625 (6th Cir. 2009) (discussing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)). "The key question is whether an erroneous federal court decision could impair the state's effort to implement its policy." 576 F.3d at 625.

The Plaintiff argues that abstention is appropriate because the allegations in the complaint implicate the important state interest of regulating its bar through the Rules of Professional Conduct and procedures for lawyer discipline. Pl.'s Mem. Supp. Mot. Remand 6. The

3

Defendants argue that *Burford* abstention is inappropriate because (1) there are no claims related to the practice of law in the Commonwealth; (2) a violation of the Rules of Professional Conduct cannot create a cause of action; and (3) *Burford* abstention is a narrow doctrine. Defs.' Resp. Mot. Remand 1 – 6, ECF No. 13.

The Court finds that *Burford* abstention is inappropriate. "Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Saginaw*, 576 F.3d at 625 (internal quotations omitted). The Plaintiff has not explained why an erroneous federal court decision could impair the Commonwealth of Kentucky's effort to implement the Rules of Professional Conduct or procedures for lawyer discipline. *See id.* The Individual Defendants whom the Plaintiff argues committed ethical violations are licensed in Florida, and the only attorney involved who is licensed to practice law in Kentucky is Lani himself. *See* Mem. Supp. Mot. Remand 1 – 2; *see also*, Lani Aff. ¶ 3 ("From about August 11, 2014[,] I have been the only member of Schiller Kessler & Gomez, PLLC who was and/or is licensed to practice law in the Commonwealth of Kentucky.").

Though the complaint alleges wrongdoing on behalf of the Individual Defendants, who are attorneys licensed to practice law in Florida, the complaint does not allege misconduct in the practice of law. Rather, the heart of the complaint is a business dispute between the Company, the Florida firm, and the Individual Defendants with Lani purporting to represent the Company's interests. *See, e.g.*, Compl. 4 (alleging that the Individual Defendants intentionally directed fees away from the Company to the Florida firm). The Court finds no reason to justify abstention from a business dispute that happens to involve attorneys, especially when only one of those attorneys is licensed to practice law in the Commonwealth of Kentucky.

The Court will deny the motion to remand.

B. The motion to intervene and realign parties

This chart illustrates the citizenship of the parties as alleged in the complaint:

| Plaintiff | Defendants |
|---|---|
| Company (Schiller Kessler & Gomez, PLLC – KY) by and through its shareholder/member Alan Lani (KY) | Florida firm (Schiller Kessler & Gomez, PLC – FL) Individual Defendants (Marc Schiller – FL) (Andrew Kessler – FL) (Marcelo Gomez – FL) |

The Company moves to intervene as a nominal defendant in this derivative action. Def.'s Mot. Intervene 1. The Company argues that it should have been named as a defendant, the derivative action is not in the Company's best interest, and it should be properly aligned as a defendant. Def.'s Mem. Supp. Mot. Intervene 1, ECF No. 3-1.

The Plaintiff filed an alternative motion to amend to add the Company as a defendant. Pl.'s Mot. Am. 1. The Plaintiff conceded that the Company "may be included as a party defendant." *Id.* at 2. Then, the Plaintiff argued that the Company's position as both a plaintiff and defendant destroyed diversity jurisdiction, requiring remand. *Id.*

This convoluted sequence hides what is at issue and what is not at issue. The Company asks to intervene as a defendant. The Plaintiff concedes that the Company should be a defendant. Thus, the parties agree that the Company should be properly listed as a defendant.

The Court will grant the Company's motion to intervene and realign the parties. The Court will deny as moot the Plaintiff's alternative motion to add a party defendant and remand.

Schiller Kessler & Gomez, PLLC will be named as a party defendant, and "Alan Lani, on behalf of Schiller Kessler & Gomez, PLLC" will be named as the party plaintiff.

Granting realignment necessarily raises the question of whether diversity jurisdiction exists. As always, the Court must determine whether jurisdiction exists. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The party invoking federal jurisdiction has the burden of proving jurisdiction exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). The Court must dismiss if it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Under the diversity statute, the district courts have original jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the dispute is between "citizens of different States." 28 U.S.C. § 1332(a). For purposes of determining whether diversity jurisdiction exists in a shareholder derivative action, the company is antagonistic to the shareholder and is properly aligned as a party defendant. *Nelson v. Gammon*, 478 F.Supp. 630, 632 (W.D. Ky. 1979), *aff'd*, 647 F.2d 710 (6th Cir. 1981).

Upon realignment, the party plaintiff is "Alan Lani, on behalf of Schiller Kessler & Gomez, PLLC." Lani is licensed to practice law in the Commonwealth of Kentucky and worked at the Schiller Kessler & Gomez, PLLC's Louisville, Kentucky law office. Lani Aff. ¶¶ 4, 6. Thus, Lani appears to be a Kentucky citizen.

Upon realignment, the party defendants are the Individual Defendants; the Company (Schiller Kessler and Gomez, PLLC); and the Florida firm (Schiller Kessler and Gomez, PLC). The Individual Defendants all assert Florida citizenship. Gomez Aff. ¶ 7; Kessler Aff. ¶ 7; Schiller Aff. ¶ 7. Thus, the Individual Defendants appear to be all Florida citizens.

The Court turns next to the citizenship of the Florida firm. A limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

The Individual Defendants are said to be the sole shareholders of their own Florida professional corporations. Gomez Aff. ¶ 4; Kessler Aff. ¶ 4; Schiller Aff. ¶ 4. Those three Florida professional corporations are said to be the members of the Florida firm. Gomez Aff. ¶ 5; Kessler Aff. ¶5; Schiller Aff. ¶ 5. Therefore, the Florida firm appears to be a Florida citizen. In sum, the Plaintiff is a Kentucky citizen, the Individual Defendants are Florida citizens, and the Florida firm is a Florida citizen.

Finally, the Court turns to the most difficult citizenship question: the citizenship of the Company. Because the citizenship of a limited liability company depends on the citizenship of its members, the Court must decide who the members of the Company are.

Lani argues that realignment destroys diversity. "Because the subject entity is a Kentucky professional limited liability company, its presence as both the plaintiff and a party defendant destroys the complete diversity justifying the defendants' removal to Federal Court." Pl.'s Mot. Alt. Remand 2, ECF No. 7. However, upon realignment, Lani is the plaintiff, not the Company, even though Lani purports to act on behalf of the Company. Additionally, as explained above, however, the citizenship of the Company, a limited liability company, is based on citizenship of its members, not the state of its incorporation. *Delay,* 585 F.3d at 1005. In determining whether diversity exists in this shareholder derivative action, the Company is antagonistic to Lani and is properly aligned as a party defendant. *See Nelson*, 478 F.Supp. at 632.

The Kentucky Limited Liability Act provides,

**Cessation of membership**.

(1) A person shall dissociate from and cease to be a member of a limited liability company upon the occurrence of one (1) or more of the following events:
(a) Subject to the provisions of subsection (3) of this section, the member withdraws by voluntary act from the limited liability company. …
(3) Unless otherwise provided in a writing operating agreement:
(a) In a member-managed limited liability company a member may resign from a limited liability company upon thirty (30) days prior written notice to the limited liability company; and
(b) In a manager-managed limited liability company, a member may not resign without the consent of all other members.
(4) *Upon the effective date of the resignation, the resigning member shall* be dissociated from and *cease to be a member of the limited liability company* and shall be with respect to the resigning member's limited liability company interest an assignee thereof.

Ky. Rev. Stat. § 275.280 (emphasis added).

The Defendants argue that realignment establishes diversity because Lani ceased to be a member of the Company when he resigned, and the Company is a Florida citizen because its remaining members are all Florida citizens. The Defendants offered Lani's resignation email as proof that he resigned as a member of the Company before filing suit on December 1, 2015. Lani wrote,

> As previously indicated, I do not intend to continue my relationship with SKG any longer than absolutely necessary to conduct the client notifications required by the Kentucky Bar and transition responsibility for the existing files to another Kentucky-licensed attorney.
>
> *In no event can such transition take longer than the remaining month of November, as I begin my new opportunity December 1st.*
>
> My offer to avoid litigation between us is to pay me the 5833 we already discussed and I'll process any existing settlements over the next two weeks without a personal claim for payment. Any cases referred for litigation between 8/11/14 and 11/18/15 can be handled according to the terms of the existing operating agreement, and I will waive any interest in cases referred out after 11/19/15. I do not dispute that any SKG clients who may choose to follow me will have a lien associated with their file on behalf of SKG.

Lani Email to Indiv. Defs. Nov. 18, 2015, ECF No. 2-4 (emphasis added). According to the Defendants, the Company accepted Lani's resignation and determined that "Alan Lani is no longer a member in the Company." Schiller Aff. ¶ 13, ECF No. 12-1; *see also*, Resolution 1, ECF No. 12-5 ("effective as of the first moment of December 1, 2015, Alan Lani is no longer a Member in the Company.").

Lani did not respond to the motion to realign, though in his reply in support of the motion to stay, he attached an affidavit. The affidavit says that Lani's email to the Individual Defendants was a conditional offer of resignation that the Company rejected. Lani Aff. ¶¶ 4 – 5, ECF No. 14-1. Lani's affidavit says that after he filed suit on December 1, 2015, he "continued to work regular office hours … from December 1 through December 6, 2015." Lani Aff. ¶ 6. Also in Lani's affidavit, he says, "I am a *current and former member* of Schiller Kessler & Gomez, PLLC, a Kentucky Professional Limited Liability Company formed explicitly for the purpose of operating as a law firm in the Commonwealth of Kentucky." Lani Aff. ¶ 1(emphasis added).

Lani's email said that he did not intend to continue his relationship with the Company, and a transition period would take effect for client notifications and to transition responsibility to a Kentucky-licensed attorney. In the email, Lani explicitly dictated the time for this transition: "In no event can such transition take longer than the remaining month of November, as I begin my new opportunity December 1st." Under the Kentucky Limited Liability Act, Lani ceased to be a member of the Company when he tendered his resignation effective November 30, 2015. Lani continuing to work regular office hours after the effective date of his resignation does not alter this result. The Kentucky Limited Liability Act says that a member ceases to be a member "upon the effective date of the resignation." Ky. Rev. Stat. § 275.285(4). The statute says

9

nothing about an individual maintaining membership status by continuing to work regular office hours.

Thus, when he filed the derivative lawsuit on December 1, 2015, Lani was no longer a member of the Company. As a non-member of the Company, Lani's citizenship cannot be considered in determining the Company's citizenship. The remaining member of the Company is the Florida firm, which is a Florida citizen, and therefore, the Company is a Florida citizen.

To recap, the Plaintiff is a Kentucky citizen, and the Defendants are all Florida citizens. To illustrate:

| Plaintiff | Defendants |
| --- | --- |
| Alan Lani (KY), on behalf of the Company (Schiller Kessler & Gomez PLLC) | Florida firm (Schiller Kessler & Gomez, PLC – FL) Individual Defendants (Marc Schiller – FL) (Andrew Kessler – FL) (Marcelo Gomez – FL) Company (Schiller Kessler & Gomez, PLLC – FL) |

The Court finds that the Defendants have met their burden in establishing diversity jurisdiction upon realignment of the parties. Having found jurisdiction, the Court will begin its discussion of the remaining motions.

  C. <u>Motion to stay and motion for leave to file a sur-reply</u>

The Defendants ask for dismissal with prejudice for lack of subject-matter jurisdiction, failure to state a claim, and lack of personal jurisdiction. *See* discussion *infra* Part IV. The Plaintiff did not respond to the motion to dismiss. The Plaintiff moved to stay consideration of the motion to dismiss and motion to intervene "until resolution of defense counsel's conflict of interest." Pl.'s Mot. Stay 1. The Plaintiff alleges that Stoll Keenan Ogden, which is said to have represented the Company for years and in this litigation says that it represents the Company as defense counsel, has a conflict of interest because it is putting the interests of the Florida firm ahead of the Company's interests. *Id.* at 3. Although the Plaintiff alleges these ethical violations, at no point has the Plaintiff moved to disqualify opposing counsel.

In addition to the motion to stay, Lani moved for leave to file a sur-reply. The proposed sur-reply asks the Court to delay consideration of the motion to dismiss and motion to intervene until the Court resolves the "existent conflict of interest." Proposed Sur-Reply 2, ECF No. 11-2. The Plaintiff argues that "matters of jurisdiction, specifically whether a Court chooses to exercise jurisdiction over a case removed from state court, take chronological precedence over substantive motions of the nature brought by the defendants." *Id.* The Plaintiff argues that the Court should treat the motion to dismiss as one for summary judgment because the Defendants attached external documents, but does not otherwise raise a substantive argument in opposition to the motion to dismiss. *Id.*

The sur-reply is "highly disfavored." *Aldrich v. The Univ. of Phoenix*, 2016 WL 427923 *1, *2 (W.D. Ky. Feb. 3, 2016). The Court, in its discretion, may deny leave to file a sur-reply that when the reply did not raise a new legal argument. *Id.*

The replies in support of the motion to dismiss and the motion to realign were each less than three pages long. Each reply primarily argued that the Plaintiff waived opposition by not

responding to the motions. The Court finds that the replies in support of the motion to dismiss and the motion to intervene did not raise new legal arguments. Therefore, the Court will exercise its discretion and deny leave to file a sur-reply.

The arguments in support of the motion to stay are similarly unpersuasive. As discussed below, the Defendants raised persuasive arguments for dismissal. Staying decisions on the motion to dismiss and the motion to intervene, both of which were *unopposed*, would waste the Court's time. The Court cannot resolve whether a conflict of interest exists when no motion to disqualify has been filed.

The Court will deny the Plaintiff's motion to stay.

IV.     The motion to dismiss

The Defendants ask for dismissal with prejudice for lack of subject-matter jurisdiction, failure to state a claim, and lack of personal jurisdiction. The Plaintiff did not respond to the motion to dismiss.

Local Rule 7.1 says: "Failure to timely respond to a motion may be grounds for granting the motion." "Failure to respond to a dispositive motion will be grounds for granting the motion." *Paulmann v. Hodgdon Powder Co., Inc.*, 2014 WL 4102354 *1 (W.D. Ky. 2014); *see also*, *Directv, LLC v. Kuhn*, 2016 WL 1244928 (N.D. Oh. Mar. 30, 2016) ("a district court's power to grant dispositive motions because they are unopposed is firmly settled."). Thus, as the Plaintiff has failed to respond or otherwise oppose the motion to dismiss, dismissal would be warranted on this basis alone.

The Defendants argue that dismissal for lack of subject-matter jurisdiction is appropriate because Lani lacks standing to assert a derivative claim on the Company's behalf when he is no longer a member. Defs.' Mem. Supp. Mot. Dismiss 7 – 9. According to the Defendants, Lani

lacked standing when he filed suit, and he continues to lack standing because a shareholder must maintain ownership in the Company to maintain a derivative action. Defs.' Mem. 7 (citing Ky. Rev. Stat. § 275.337(3) and *Bacigalupo v. Kohlhepp*, 240 S.W.3d 155 (Ky. Ct. App. 2007)). As noted above, the Plaintiff has not filed a response to the motion to dismiss to dispute these factual assertions, which the Court may consider under a factual attack. *See Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) ("When examining a factual attack under Rule 12(b)(1), 'the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'").

The Court previously discussed how Lani resigned from the Company effective November 30, 2015 in the context of whether Lani's citizenship could affect the Company's citizenship. *See* discussion *supra* Part III(B). Lani's resignation from the Company effective November 30, 2015 also affects his standing to bring a derivative suit on the Company's behalf.

The Kentucky Limited Liability Act provides,

> A derivative action on behalf of a limited liability company shall be *maintained* only by a person that is a *member at the time the action is commenced* and who:
> (a) Was a member when the conduct giving rise to the action occurred; or
> (b) Acquired the status as a member by operation of law or pursuant to the terms of the operating agreement from a person that was a member at the time of the conduct giving rise to the action occurred.

Ky. Rev. Stat. § 275.337(3) (emphasis added). As discussed above, Lani ceased to be a member of the Company when he tendered his resignation effective November 30, 2015. Therefore, he was not a member of the Company when he commenced this derivative action purportedly on the Company's behalf on December 1, 2015.

Even if Lani could be considered a member of the Company for the December 1 – 6 period when he "worked regular office hours," the Kentucky Limited Liability Act says that a

derivative action can only be *maintained* by a member, implying that one must be a member throughout the litigation, not just at the moment of filing suit. *See* Ky. Rev. Stat. § 275.337(3).

The Court finds that Lani lacked standing to bring this derivative action on behalf of the Company because he was not a member when he filed suit on December 1, 2015. The Court will dismiss the complaint for lack of subject-matter jurisdiction. However, the Court declines the Defendants' invitation to dismiss with prejudice. "[T]he law universally disfavors dismissing an action with prejudice based on lack of standing, and there is a strong presumption that such a dismissal is improper." *Univ. of Pittsburgh v. Varian Med. Sys. Inc.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009). Having found that Lani lacked standing to bring a derivative suit on behalf of the Company, the Court need not address the Defendants' remaining arguments on dismissal for failure to state a claim or lack of personal jurisdiction over the Individual Defendants.

The Defendants ask the Court for an award of attorney fees and costs because Lani brought an "unauthorized derivative action without reasonable cause and for an improper purpose." Defs.' Mem. 16. Inexplicably, the Plaintiff did not respond to this argument. The Court declines to award the Defendants their attorney fees and costs at this time.

The Court will grant the unopposed motion to dismiss for lack of subject-matter jurisdiction.

IV. Conclusion

The Court will deny the motion to remand. The Court will deny as moot the alternative motion to add a party defendant. The Court will deny the motion to stay. The Court will deny leave to file a sur-reply.

The Court will grant the motion to intervene and realign the parties. The Court will grant the motion to dismiss for lack of subject-matter jurisdiction. The Court will dismiss the complaint, without prejudice.

August 9, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**