WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALAN LANI, on behalf of
SCHILLER KESSLER & GOMEZ, PLLC,
A Kentucky Professional Limited Liability Company                                    PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:16-CV-00018-CRS

SCHILLER KESSLER & GOMEZ, PLC,
A Florida Professional Limited Company,
MARC SCHILLER; ANDREW KESSLER;
MARCELO GOMEZ;
SCHILLER KESSLER & GOMEZ, PLLC                                                       DEFENDANTS

<u>Memorandum Opinion</u>

I.      <u>Introduction</u>

This matter is before the Court on the motion of Defendants Schiller Kessler & Gomez, PLC, Mark Schiller, Andrew Kessler, Marcelo Gomez, and Schiller Kessler & Gomez, PLLC (collectively, "Defendants") for an award of attorney fees and costs, ECF No. 19. Plaintiff Alan Lani responded, ECF No. 21, and Defendants replied, ECF No. 22. Lani then moved for leave to file a sur-reply, ECF No. 23, and tendered a sur-reply, ECF No. 23-1. Defendants responded to Lani's motion for leave to file a sur-reply, ECF No. 26, and Lani replied, ECF No. 28.

Because these motions involve the same facts and issues, the Court will address them in a single memorandum opinion and order. For the reasons discussed below, the Court will grant Defendants' motion for attorney fees and costs. The Court will deny Lani's motion for leave to file a sur-reply.

II.     <u>Background</u>

On December 1, 2015, Lani filed a derivative action on behalf of Schiller Kessler & Gomez, PLLC's membership interests in the Jefferson County, Kentucky Circuit Court. Compl.

1

1, ECF No. 1-1. Lani alleged that the individual defendants—Schiller, Kessler, and Gomez—began improperly sending fees earned by Schiller Kessler & Gomez, PLLC in Kentucky to their Florida business, Schiller Kessler, & Gomez, PLC, which caused the Kentucky company to suffer financial losses. *Id.* ¶ 18–20.

A month after Lani filed the derivative action, Schiller Kessler & Gomez, PLC, Schiller, Kessler, and Gomez removed the suit to this Court under diversity jurisdiction. Not. Removal, ECF No. 1. Lani moved to remand the case to the Jefferson County Circuit Court, Mot. Remand, ECF No. 6, or in the alternative to add a party defendant, Mot. Add Party, ECF No. 7. The Court denied the motion to remand and denied as moot the alternative motion to add a party defendant. Order 2, ECF No. 18.

Schiller Kessler & Gomez, PLLC then moved to intervene and realign the parties so that it would be named as a nominal defendant. Mot. Intervene, ECF No. 3. The Court granted the motion to intervene and realign the parties. Order 1, ECF No. 18.

Defendants then moved to dismiss the suit with prejudice for lack of subject matter jurisdiction, for failure to state a claim, and for lack of personal jurisdiction. Mot. Dismiss, ECF No. 2. The Court found that Lani lacked standing to bring a derivative action on behalf of Schiller Kessler & Gomez, PLLC. Mem. Op. 14, ECF No. 17. The Court thus granted the Defendants' motion to dismiss for lack of subject matter jurisdiction and dismissed the complaint without prejudice.[1] Order 1, ECF No. 18. The Court declined to award Defendants any attorney fees or costs at that time. Mem. Op. 14, ECF No. 17.

---

[1] The Court also denied Lani's motion to stay and motion for leave to file a sur-reply. Order 1, ECF No. 18.

III.    Discussion

Defendants now move for an award of attorney fees and costs under Kentucky Revised Statute § 275.337(8)(a) against Lani. Mot. Att'y Fees, ECF No. 19. Lani has also moved for leave to file a sur-reply to Defendant's reply to their motion for an award of fees and costs. Mot. Leave Sur-Reply, ECF No. 23.

    A.    Motion for Award of Attorney Fees and Costs

        *i. Whether Fees and Costs Should be Granted*

Defendants argue that attorney fees and costs should be awarded under Kentucky Revised Statute § 275.337(8)(a) because (1) Lani lacked standing to bring the lawsuit, (2) Lani failed to fulfill the statutory requirements of a derivative action, and (3) Lani improperly attempted to use the derivative action to enrich himself. Mem. Supp. Mot. Att'y Fees 6–10, ECF No. 19-1. In response, Lani asserts that the derivative action was brought with reasonable cause because "the members of [Schiller Kessler, & Gomez, PLC] were effectively stealing from [Schiller Kessler & Gomez, PLLC] with their reduction of fees." Resp. Opp. Mot. Att'y Fees 3, ECF No. 21. He asserts that the action was commenced for a proper purpose because he desired to "compel [Schiller Kessler, & Gomez, PLC] to refund [Schiller Kessler & Gomez, PLLC] what had been taken, so that the fees generated for work performed for clients of [Schiller Kessler & Gomez, PLLC] was paid to the firm that did the work." *Id*. He also argues that whether he had standing to bring the derivative action "is a much disputed factual issue that should be reserved for a jury in another forum." *Id*.

Under the "American Rule," attorney fees are generally not recoverable in the absence of a statute, enforceable contract, or other equitable exceptions. *Distilling Corp. v. Maier Brewing*

*Co.*, 386 U.S. 714, 717–18 (1967). Kentucky Revised Statute § 275.337(8)(a) provides such an exception. It states:

> On termination of the proceeding brought pursuant to this section, the court may . . . [r]equire the plaintiff member to pay any defendant's reasonable expenses, including counsel fees, incurred in defending the proceeding to the extent it finds that the proceeding or any portion thereof was commenced without reasonable cause or for an improper purpose.

Ky. Rev. Stat. Ann. § 275.337(8)(a). The statute does not define when a suit has been "commenced without reasonable cause" or for an "improper purpose." Nor can this Court find any Kentucky case law awarding or declining to award attorney fees and costs under Kentucky Revised Statute § 275.337(8)(a).[2]

There is case law, however, in which courts awarded attorney fees under similarly worded statutes. For example, in *Pagtakhan-So v. Cueto*, a case from the Eastern District of Kentucky, the defendant sought attorney fees and costs under Michigan's Nonprofit Corporation Act ("Nonprofit Act"), § 450.2101 *et seq.*, which provided for the awarding of fees if an action was brought "without reasonable cause." No. 5:14-370-DCR, 2016 U.S. Dist. LEXIS 100058, at *2–3 (E.D. Ky. Aug. 1, 2016). The district court granted the defendants an award of attorney fees. *Id*. at *9. The court determined that the plaintiffs brought the action without reasonable cause. *Id*. The court explained that the plaintiffs failed to identify any evidentiary basis for their claims, to comply with the procedural requirements of bringing a derivative action, or to provide a basis for their standing to bring a derivative action. *Id*. at *9–10.

Likewise, in *Hantz v. Belyew*, a case from the Northern District of Georgia, the defendants sought attorney fees and costs under the Official Code of Georgia § 14-2-746, which provided for the awarding of fees if the action was "commenced or maintained without

---

[2] Defendants do not provide any Kentucky case law in support of their motion for an award of attorney fees and costs under Kentucky Revised Statute § 275.337(8)(a).

4

reasonable cause or for an improper purpose." No. 1:05-CV-1012-JOF, 2006 U.S. Dist. 82019, at *8 (N.D. Ga. Nov. 8, 2006). The district court granted the award of attorney fees. *Id*. at *9. The court found that the action was brought without reasonable cause because the plaintiffs did not having standing to pursue a derivative action under existing precedent in the Eleventh Circuit and there were six independent reasons why their claims failed, such as that the plaintiffs did not show proximate cause or plead their fraud claim with particularity. *Id*. at *10.

Here, the evidence shows that Lani commenced the derivative suit without reasonable cause. As previously mentioned by the Court, Lani ceased to be a member of Schiller Kessler & Gomez, PLLC on November 30, 2015, a date that he openly mentioned in an email. Mem. Op. 9, ECF No. 17. As a non-member, Lani did not having standing to bring the derivative action purportedly on behalf of the limited liability company when he filed suit on December 1, 2015. *Id*. at 13.

Further revealing that the suit was commenced without reasonable cause is that Lani engaged in a variety of stalling tactics. In their notice of removal, Defendants explicitly notified Lani that he was not a member of Schiller Kessler & Gomez, PLLC when he filed suit. Not. Removal ¶¶ 21–24, ECF No. 1. They also informed him that they intended to dismiss the suit and to seek attorney fees and costs. *Id*. ¶ 24. Despite this warning, Lani moved to stay the proceedings pending the holding of an evidentiary hearing for a motion to disqualify that he never filed. Mot. Stay 8, ECF No. 8. He also moved for a sur-reply to replies that did not raise new legal arguments, as this Court found. Mot. Sur-reply, ECF No. 11; Order 12, ECF No. 17.

Given that Lani commenced the suit without reasonable cause, the Court will grant Defendants' motion for an award of attorney fees and costs.

*ii. Amount of Fees and Costs Awarded*

Defendants seek $43,007.02 in attorney fees and costs. Mem. Supp. Mot. Att'y Fees 10, ECF No. 19-1. Lani does not address this request. In any case involving attorney fees, "'[t]he primary concern . . . is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). To calculate a reasonable fee, district courts in the Sixth Circuit use the "lodestar" method. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar method involves "multiplying the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "To arrive at a reasonably hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

The Court may then, within its discretion, "adjust the lodestar to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd*, 179 F.3d at 349. Although not exclusive, the Court may consider twelve factors in determining whether an adjustment is necessary: (1) the time and labor involved; (2) the novelty and difficult of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases. *Perry v. Autozone Stores, Inc.*, 624 F. App'x. 370, 372 (6th Cir. 2015) (quoting *Johnson v. Ga. Highway Express, Inc.*, 388 F.2d 714, 717–19 (5th Cir. 1974)).

The party seeking attorney fees bears the burden of documenting its work. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). The fee applicant should provide evidence that supports the hours worked and rates claimed. *Hensley*, 461 U.S. at 433. If the documentation of hours is lacking, the "court may reduce the award accordingly." *Id*.

In this case, Defendants seek the amount that they (1) paid Stoll Keenon Ogden PLLC a total of $36,933.52, (2) owed Stoll Keenon Ogden PLLC, $3,860.00, and (3) owed McClain DeWees PLLC, $2,213.50, which totals $43,007.02. *Id*. at 13; Shannon Aff. 4–5, ECF No. 19-4; McClain Aff. 4, ECF No. 19-6. This amount is for 184.6 hours of work. Mem. Supp. Mot. Att'y Fees 11–13, ECF No. 19-1; Shannon Aff. 6–7, ECF No. 19-4; McClain Aff. 5, ECF No. 19-6. The Court finds that this amount of hours is reasonable given the number of motions that Lani filed and the complexity of the subject matter.

The attorney fee rates range between $135.00 and $205.00 for paralegals, $225.00 to $275.00 for associates, and $275.00 to $400.00 for partners. Mem. Supp. Mot. Att'y Fees 11–13, ECF No. 19-1; Shannon Aff. 6–7, ECF No. 19-4; McClain Aff. 5, ECF No. 19-6. These rates are reasonable for attorneys and paralegals practicing in the Western District of Kentucky. *See* Leet Aff. 2–3, ECF No. 20-1.

Given that the amount of hours and attorney fee rates are reasonable, the Court will order Lani to pay $43,007.02 in attorney fees and costs. The Court notes that the first category of fees, the amount that Defendants paid Stoll Keenon Ogden PLLC ($36,933.52), is less than the

7

amount that the law firm billed Defendants, $55,055.02. Mem. Supp. Mot. Att'y Fees 11–12, ECF No. 19-1. This further evidences the reasonableness of the award of attorney fees and costs.

      B.      Motion to File Sur-Reply

Lani has moved for leave to file a sur-reply, ECF No. 23. As explained in the tendered sur-reply, Lani asks the Court for leave to respond to new legal arguments raised by Defendants in their reply. Sur-reply, ECF No. 23-1. Lani argues that "[t]he Defendants emphasize that the Court's Order has not been appealed, and argue that this failure to appeal somehow renders the Court's ruling a binding adjudication on the merits of the case, and that the 'rebuke' serves as justification for an award of attorney fees." *Id*. at 1. Defendants argue that the proposed sur-reply fails to raise legitimate arguments about the reply that have a "material connection" to their motion for attorney fees and costs. Resp. Opp. Sur-reply, 2, ECF No. 26.

As this Court has already explained, the sur-reply is "highly disfavored." *Aldrich v. Univ. of Phoenix*, No. 3:15-cv-578-JHM, 2016 U.S. Dist. LEXIS 12743, at *5 (W.D. Ky. Feb. 3, 2016). The Court, in its discretion, may deny leave to file a sur-reply when the reply does not raise a new legal argument. *Id*.

The reply to Defendant's motion for an award of attorney fees and costs primarily asserts that Lani does not distinguish the case law that they cite in their motion for an award of attorney fees and costs and that he rejects the Court's finding that he resigned on November 30, 2015. Reply 1–2, ECF No. 22. The Court finds that Defendant's reply does not raise a new legal argument; therefore, the Court will deny Lani's motion for leave to file a sur-reply.

IV.      Conclusion

For the reasons discussed above, the Court will grant Defendants' motion for attorney fees and costs. The Court will order Lani to pay $43,007.02 in fees and costs. The Court will

deny Lani's motion for leave to file a sur-reply. An order will be tendered in accordance with this memorandum opinion.

December 16, 2016

Charles R. Simpson III, Senior Judge
United States District Court