UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALAN LANI, on behalf of
SCHILLER KESSLER & GOMEZ, PLLC,
A Kentucky Professional Limited Liability Company                              PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:16-CV-00018-CRS

SCHILLER KESSLER & GOMEZ, PLC,
A Florida Professional Limited Company,
MARC SCHILLER; ANDREW KESSLER;
MARCELO GOMEZ;
SCHILLER KESSLER & GOMEZ, PLLC                                                 DEFENDANTS

Memorandum Opinion

I. Introduction

This matter is before the Court on the motion of Plaintiff Alan Lani to disqualify Stoll Keenon Ogden PLLC as counsel for Defendants Schiller Kessler & Gomez, PLC, Marc Schiller, Andrew Kessler, Marcelo Gomez, and Schiller Kessler & Gomez, PLLC ("Defendants"), ECF No. 41. Intervening Defendant Schiller Kessler & Gomez, PLLC ("the company") responded, ECF No. 45. Lani replied, ECF No. 49. For the reasons discussed below, the Court will deny Lani's motion to disqualify Stoll Keenon Ogden PLLC as counsel for Defendants. The Court also will deny Lani's accompanying requests to order an evidentiary hearing and to compel the production of all correspondence, file materials, and other similar materials created by Stoll Keenon Ogden PLLC in the course of its representation of the company.

II. Background

A. The Company, the Operating Agreement, and Lani's Resignation

Before December 1, 2015, Lani owned a 33.33% interest in the company. Schiller Aff. ¶ 11, ECF No. 45-1. Schiller Kessler & Gomez, PLC, a Florida limited liability company, owned

1

the remaining 66.67% interest. *Id*. The relationship between the members was governed by the August 11, 2014 Amended and Restated Operating Agreement ("the operating agreement"). *Id*. ¶¶ 10–11. Thomas E. Rutledge, a Stoll Keenon Ogden PLLC attorney, drafted the operating agreement.

> The operating agreement provides:
>
> Each Member acknowledges that the Company's counsel prepared this Agreement on behalf of and in the course of his/her representation of the Company, and that:
>
> (a) A CONFLICT OF INTEREST MAY AND LIKELY DOES EXIST BETWEEN ITS/HIS INTERESTS AND THE INTERESTS OF THOSE OF THE COMPANY, THE OTHER MEMBERS;
> (b) THE MEMBER HAS BEEN ADVISED TO SEEK THE ADVICE OF INDEPENDENT COUNSEL
> (c) THE MEMBER HAS HAD THE OPPORTUNITY TO SEEK THE ADVICE OF INDEPENDENT COUNSEL . . .
> (h) THE MEMBER AGREES AND ACKNOWLEDGES THAT THE COUNSEL WHO PREPARED THE OPERATING AGREEMENT ARE NOT COUNSEL TO MEMBER AND THAT THE MEMBER HAS PLACED NO CONFIDENCE IN OR RELIANCE UPON SAID COUNSEL IN PROTECTING THEIR INTERESTS IN CONNECTION WITH THE COMPANY AND THEIR PARTICIPATION THEREIN.

Operating Agreement 40, ECF No. 45-2 (all caps in original) (formatting modified). The operating agreement also provides that members could take action on behalf of the company by a majority vote. *Id*. at 14. The operating agreement is signed by Lani and by a representative of Schiller Kessler & Gomez, PLC. *Id*. at 40.

On November 18, 2015, Lani tendered his resignation from the company in an email. Lani email 11/18/2015, ECF No. 45-3. Lani stated in the email that his resignation would be effective on November 30, 2015. *Id*. Thus, and, as this Court has already stated, Lani was no longer a member of the company on December 1, 2015, the date when he filed his purported derivative suit. *See* Mem. Op. 10, ECF No. 17.

B.  Procedural History

As this Court has previously explained, Lani filed a purported derivative action on behalf of the company's membership interests in the Jefferson County, Kentucky Circuit Court. Compl. 1, ECF No. 1-1. Lani alleged that the individual defendants—Schiller, Kessler, and Gomez—began improperly sending fees earned by the company in Kentucky to their Florida business, Schiller Kessler, & Gomez, PLC, which caused the Kentucky company to suffer financial losses. *Id*. ¶ 18–20.

Schiller Kessler & Gomez, PLC, Schiller, Kessler, and Gomez removed the suit to this Court under diversity jurisdiction. Not. Removal, ECF No. 1. After the Court denied Lani's motion to remand, Mem. Op. 14, ECF No. 17, Defendants moved to dismiss the suit with prejudice for lack of subject matter jurisdiction, for failure to state a claim, and for lack of personal jurisdiction. Mot. Dismiss, ECF No. 2. The Court found that Lani lacked standing to bring a derivative action on behalf of the company. Mem. Op. 14, ECF No. 17. The Court thus granted the Defendants' motion to dismiss for lack of subject matter jurisdiction and dismissed the complaint without prejudice. Order 1, ECF No. 18.

Defendants then moved for an award of attorney fees and costs under Kentucky Revised Statute § 275.337(8)(a) against Lani. Mot. Att'y Fees, ECF No. 19. The Court granted the motion for attorney fees. Order 12/29/2016, ECF No. 30.

III.  Discussion

Lani now moves to disqualify Stoll Keenon Ogden PLLC as counsel for Defendants. Mot. Disqualify 1, ECF No. 41. But if "the Court for any reason declines to immediately order disqualification," Lani requests that "proceedings in the case be otherwise stayed and an evidentiary hearing conducted on the question of Stoll Keenon Ogden's conflict" and that the

3

Court compel "the production of all correspondence, file materials, etc. created by Stoll Keenon Ogden PLLC in the course of its representation" of the company to him. *Id*. at 2.

    A.    <u>Whether Stoll Keenon Ogden PLLC is Disqualified from Representing Defendants Based on a Conflict of Interest</u>

Lani argues that Rutledge, and by extension Stoll Keenon Ogden PLLC, should be disqualified from representing the company because he drafted the operating agreement, which "is at the heart of the current litigation." Mem. Supp. Mot. Disqualify 2, ECF No. 41-1. He explains that Rutledge represented multiple parties, not just the company, when he was engaged in the operating agreement's drafting. *Id*. The company argues in opposition that the motion to disqualify should be denied because (1) Lani waived any conflict of interest by waiting a year to file the motion, (2) Lani cannot meet his burden of establishing an actual conflict of interest, and (3) Lani lacks standing to assert a conflict of interest. Resp. Opp. Mot. Disqualify 8–21, ECF No. 45

The party moving for disqualification of the opposing party's counsel bears the burden of proof of showing that disqualification is necessary. *McCauley v. Family Dollar, Inc.*, No. 3:10-cv-363-S, 2010 U.S. Dist. LEXIS 116636, at *3 (W.D. Ky. Nov. 1, 2010). To disqualify the opposing party's counsel, the moving party must show: "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882, 889 (6th Cir. 1990).

A district court has discretion in ruling on a motion to disqualify. *See United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (asserting that a denial of a motion to disqualify is reviewed for an abuse of discretion). The courts should be "sensitive to the competing public

4

policy interests of preserving client confidences and of permitting a party to retain counsel of his choice." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). The courts have a duty to supervise the behavior of the attorneys who are before them and take action to prevent unethical conduct. *Bartech Indus. v. Int'l Baking Co.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996). The courts, however, must recognize that motions to disqualify opposing counsel can be a "potent weapon" in ligation. *Manning*, 849 F.2d at 224.

> *i. Whether Lani waived any conflict of interest by waiting a year to file his motion to disqualify*

The company asserts that Lani's motion to disqualify should be denied because he waived any objection to Stoll Keenon Ogden PLLCs' representation of the company by waiting to timely file the motion. Resp. Opp. Mot. Disqualify 8–11, ECF No. 45. Lani argues, however, that the conflict was raised in its motion "to hold in abeyance defendants' pending motions until resolution of defense counsel's conflict of interest," which was filed in February 2016. Reply 1–2, ECF No. 49. Lani explains, "In practical effect, the current motion is really a motion to reconsider the Court's order denying the relief sought at DE 8" and that his former counsel's drafting of the motion to stay, while not artful, can be read to assert a conflict of interest. *Id*. at 1.

"It is well settled that a former client who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right." *Official Unsecured Creditors Comm. of Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp.* (*In re Valley-Vulcan Mold Co.*), 5 F. App'x 396, 401 (6th Cir. 2001) (citing *Tr. Corp. of Mont. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983)). In this case, Lani filed his complaint in December 2015. Compl. 1, ECF No. 1-2. Attorneys from Stoll Keenon Ogden PLLC removed the case to this Court in January 2016. Not.

5

Removal 1, ECF No. 1. Thus, Lani had knowledge about the alleged conflict of interest as early as January 2016.

In February 2016, Lani stated that a conflict could exist in his motion "to hold in abeyance defendants' pending motions until resolution of defense counsel's conflict of interest."[1] Mot. Stay 1–2, ECF No. 8. But he waited until January 2017 to file a motion to disqualify Stoll Keenon Ogden PLLC. Mot. Disqualify 1, ECF No. 41. Between February 2016 and January 2017, the Court addressed the parties' arguments concerning a motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and failure to state a claim, a motion to intervene and realign the parties, a motion to remand, an alternative motion to add a party defendant and remand, a motion to hold in abeyance the motions to dismiss and to intervene and realign the parties, and a motion for leave to file a sur-reply in response to the motion to dismiss and to realign parties. Mem. Op. 8/10/16 at 1, ECF No. 18. The Court also addressed the parties' arguments regarding Defendants' motion for attorney fees. Mem. Op. 12/16/16 1, ECF No. 29. Because Lani did not promptly assert that Stoll Keenon Ogden PLLC should be disqualified on the grounds of a conflict of interest, he waived that right. Thus, the Court will deny his motion to disqualify the law firm.

*ii. Whether Lani has met his burden of establishing a conflict of interest*

The company contends that the Court should also deny Lani's motion to disqualify Stoll Keenon Ogden PLLC because he cannot show that (1) there was a personal attorney-client relationship between the law firm and him, (2) Stoll Keenon Ogden PLLC's client was the company, and (3) he has not established that a disqualifying conflict existed. Resp. Opp. Mot.

---

[1] The Court declines to read the motion "to hold in abeyance defendants' pending motions until resolution of defense counsel's conflict of interest" as asserting a conflict of interest. The Court refuses to read into the "less-than-ideal" captions a meaning that is not apparent from the text, as Lani suggests in his Reply. *See* Reply 2, ECF No. 49.

Disqualify 11–20, ECF No. 45. Lani maintains in opposition that Rutledge represented both Schiller Kessler & Gomez, PLC and him in drafting the operating agreement. Reply 6, ECF No. 49. Lani reasons that, because the operating agreement was not completed when Rutledge prepared it, that Rutledge represented the parties individually, not just the company. *Id*.

When Lani signed the operating agreement, he acknowledged and agreed that Rutledge, in preparing the operating agreement, was not representing him in his personal capacity. Operating Agreement 40, ECF No. 45-2. Lani also agreed and acknowledged that he did not place any confidence in or reliance on Rutledge's preparation of the operating agreement. *Id*. Because Rutledge did not represent him in his personal capacity, Lani cannot show that Stoll Keenon Ogden PLLC is engaged in a conflict of interest warranting disqualification.

Lani alternatively argues that Rutledge engaged in a conflict of interest when he represented the company and then acted as an agent for Schiller Kessler & Gomez, PLC in "execut[ing] documents purporting to exclude Alan Lani from [the company's] membership." Reply 7, ECF No. 49. This argument is flawed for several reasons. First, Lani appears to still believe that he remains a member of the company who can assert a conflict of interest on its behalf. But this Court has already concluded that Lani is not a member of the company and that his membership terminated when his resignation became effective on November 30, 2015. Mem. Op. 10, ECF No. 17.

Second, under the operating agreement, members of the company could take action on the company's behalf by a majority vote. Operating Agreement 14, ECF No. 45-2. Because Schiller Kessler & Gomez, PLC owned the majority 66.67% interest in the company, Schiller Aff. ¶ 11, ECF No. 45-1, it could instruct Stoll Keenon Ogden PLLC to take action on the company's behalf. Thus, when Rutledge executed documents regarding Lani's membership in

7

the company at the direction of Schiller Kessler & Gomez, PLC, he was acting on behest of the company, and no conflict of interest existed. That Rutledge did not engage in a conflict of interest provides additional support for this Court's denying Lani's motion for disqualification of Stoll Keenon Ogden PLLC.

### iii. Whether Lani lacks standing to assert a conflict of interest on behalf of the company

The company argues that the Court should deny Lani's motion to disqualify Stoll Keenon Ogden PLLC because he is not one of its members and is engaged in litigation against it, and thus he cannot assert any supposed conflict on its behalf. Resp. Opp. Mot. Disqualify 20–21, ECF No. 45. Lani does not appear to address this issue.

The Sixth Circuit has not expressly addressed the issue of whether a non-client may bring a motion to disqualify the opposing party's counsel on the grounds of a conflict of interest. *Winchester v. Educ. Mgmt. Corp.*, No. 5:10-CV-00012-TBR, 2010 U.S. Dist. LEXIS 60660, at *6 (W.D. Ky. June 18, 2010). In *Winchester*, however, another district court in the Western District of Kentucky addressed the issue. *Id*. The district court examined the Sixth Circuit's test in *Dana Corp.*, 900 F.2d at 889 that requires a party moving for disqualification to first show that "a past attorney-client relationship existed between [it] and the attorney it seeks to disqualify." *Id*. at n.2. The district court also examined the Sixth Circuit's statement in *Willis v. First Bank National Association*, 916 F.2d 714, at *1 [published in full-text format at 1990 U.S. App. LEXIS 18204] (6th Cir. 1990) (unpublished) that "plaintiff's standing to assert opposing counsel's alleged conflict of interest is questionable at best," particularly when the plaintiff is a non-client litigant moving to disqualify opposing counsel. *Id*. The *Winchester* court concluded that the Sixth Circuit would follow the majority of courts and hold that a non-client does not have standing to disqualify opposing counsel. *Id*.

8

This Court finds the reasoning of the *Winchester* court persuasive. Accordingly, this Court concludes that Lani, as a non-client litigant, does not having standing to disqualify Stoll Keenon Ogden PLLC on behalf of the company based on the conflict of interest. Such provides additional support for its denial of Lani's motion to disqualify the law firm.

B.  Whether an Evidentiary Hearing Should Be Held

Lani asserts that the Court should hold an evidentiary hearing on the matters discussed in his motion to disqualify Stoll Keenon Ogden PLLC. Mot. Disqualify 2, ECF No. 41. The company argues in opposition that it has provided sufficient evidence to support denying Lani's motion to disqualify and thus no hearing is necessary. Mem. Opp. Mot. Disqualify 7–8, ECF No. 45.

In the Sixth Circuit, "a decision for disqualification is adequately founded without an evidentiary hearing if the 'factual inquiry' is conducted in a manner that will allow of appellate reviews." *Gen. Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 710 (6th Cir. 1982). Given the record before it, this Court finds that an evidentiary hearing on the disqualification motion is unnecessary. Thus, the Court will deny Lani's request for an evidentiary hearing.

C.  Whether Rutledge and/or Stoll Keenon Ogden PLLC Should Be Compelled to Produce Correspondence, File Material, etc. Created While Representing the Company

Lani also argues that, if the Court does not grant its motion to disqualify Stoll Keenon Ogden PLLC, the Court should compel "the production of all correspondence, file materials, etc. compiled by Thomas Rutledge and/or Stoll Keenon Ogden PLLC in the course of its representation" of the company to him. Mot. Disqualify 2, ECF No. 41. The company, however, asserts that the "request is improper on its face as a blatant attempt to invade the attorney-client privilege and attorney work product doctrine." Mem. Opp. Mot. Disqualify 21–22, ECF No. 45.

Federal Rule of Civil Procedure 26(b)(3)(A) provides that generally, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." These items may be discovered if "they are otherwise discoverable under Rule 26(b)(1)" or "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id*.

In this case, Lani does not show that the correspondence, file materials, and other similar items that Stoll Keenon Ogden PLLC created while representing the company are discoverable under Rule 26(b)(1). Nor does he demonstrate that he has a substantial need for the materials to prepare his case or that he would otherwise be unable to obtain them by other means. Therefore, this Court will deny Lani's request to compel Defendants to produce these materials.

V.      Conclusion

The Court will deny Lani's motion to disqualify Stoll Keenon Ogden PLLC as counsel for Defendants. The Court also will deny Lani's requests to order an evidentiary hearing and to compel the production of all correspondence, file materials, and other similar materials created by Stoll Keenon Ogden PLLC in the course of its representation of the company. An order will be entered in accordance with this memorandum opinion.

March 9, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**