UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALAN LANI, on behalf of
SCHILLER KESSLER & GOMEZ, PLLC,
A Kentucky Professional Limited Liability Company                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:16-CV-00018-CRS

SCHILLER KESSLER & GOMEZ, PLC,
A Florida Professional Limited Company,
MARC SCHILLER; ANDREW KESSLER;
MARCELO GOMEZ;
SCHILLER KESSLER & GOMEZ, PLLC                                        DEFENDANTS

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Plaintiff Alan Lani to vacate or amend under Federal Rule of Civil Procedure 60(b) the August 10, 2016 memorandum opinion and order of the Court dismissing his claims without prejudice based upon lack of subject matter jurisdiction.[1] Mot. Vacate 1, ECF No. 34. Defendants Schiller Kessler & Gomez, PLC, Marc Schiller, Andrew Kessler, Marcelo Gomez, and Schiller Kessler & Gomez, PLLC ("Defendants") responded. Resp. Opp. Mot. Vacate 1, ECF No. 43. Lani replied. Reply 1, ECF No. 47.

Lani also moved to vacate or amend under Federal Rule of Civil Procedure 59 the December 19, 2016 memorandum opinion and order of the Court requiring him to pay

---

[1] Lani states in his reply that his motion to vacate or amend the August 10, 2016 memorandum opinion and order of the Court is not made under Rule 60(b). Reply 1, ECF No. 47. But he also states in his memorandum in support of his motion to vacate or amend the memorandum opinion and order that he is moving under "Fed. R. Civ. P. (FRCP) 60." Mem. Supp. Mot. Vacate 1, ECF No. 34-1. Given these conflicting statements, the Court will treat the motion to vacate or amend the August 10, 2016 memorandum opinion and order as having been made under Rule 60(b).

Defendants' reasonable attorney fees and costs under Kentucky Revised Statute § 275.337(8)(a). Mot. Vacate 1, ECF No. 33. Defendants responded. Resp. Opp. Mot. Vacate 1, ECF No. 44. Lani replied. Reply, ECF No. 46.

If successful in vacating or amending the memorandum opinions and orders, Lani asks that the Court grant his motion to remand, which was denied in the August 10, 2016 memorandum opinion and order. Mot. Vacate 2, ECF No. 34; Mem. Supp. Mot. Vacate 23, ECF No. 34-1; Order 8/10/16 1, ECF No. 18. Lani also requests that the Court award him $43,000.00 under 28 U.S.C. § 1447(c). Mot. Vacate 2, ECF No. 34; Mem. Supp. Mot. Vacate 23, ECF No. 34-1. He alternatively asks that Court stay the proceedings and conduct an evidentiary hearing regarding an alleged conflict of interest involving defense counsel. *Id.*

Because these motions involve the same facts and similar issues, the Court will address them in a single memorandum opinion and order. For the reasons discussed below, the Court will deny Lani's motion to vacate or amend the August 10, 2016 memorandum opinion and order of the Court dismissing the claims without prejudice. The Court will deny Lani's motion to vacate or amend the December 19, 2016 memorandum opinion and order of the Court granting Defendants an award of attorney fees and costs. The Court will also deny Lani's secondary requests that that his motion to remand be granted, that he be granted an award of attorney fees under 28 U.S.C. § 1447(c), and that the Court stay the proceedings and conduct an evidentiary hearing on the alleged conflict of interest involving defense counsel.

II.     Background

    A.     <u>Lani's Relationship with Defendants, His "My Departure" Email, and Defendants' Response</u>

Schiller Kessler & Gomez, PLLC is a limited liability company organized under Kentucky law. Operating Agreement 12, ECF No. 43-5. It originally had two members: Lani and

Schiller Kessler & Gomez, PLC, a Florida professional limited liability company. *Id*. at 40. Lani owned a 33.33% interest in Schiller Kessler & Gomez, PLLC. Schiller Aff. ¶ 11, ECF No. 45-1. Schiller Kessler & Gomez, PLC owned the remaining 66.67% interest. *Id*. The relationship between the members of Schiller Kessler & Gomez, PLLC was governed by the August 11, 2014 Amended and Restated Operating Agreement ("the operating agreement"). *Id*. ¶¶ 10–11.

The operating agreement contained several provisions relating to Lani's potential resignation from his position at Schiller Kessler & Gomez, PLLC. Operating Agreement 34, ECF No. 43-5. One of these provisions required Lani to provide six months' written notice of his intent to resign before he resigned. *Id*. Another provision stated that Lani's rights related to cash flow, payment of his health insurance and bar dues, taxable income, share in profits, and case transferal ceased upon Lani's tendering a notice of resignation from Schiller Kessler & Gomez, PLLC. *Id*.

On November 18, 2015, Lani wrote Kessler, Schiller, and Gomez, the individual members of Schiller Kessler & Gomez, PLC, an email entitled "my departure." Lani Email 11/8/2015 2, ECF No. 43-1. In the email, Lani stated, "As previously indicated, I do not intend to continue my relationship with [Schiller Kessler & Gomez, PLLC] any longer than absolutely necessary to conduct the client notifications required by the Kentucky Bar and transition responsibility for the existing files to another Kentucky-licensed attorney." *Id*. He continued, "In no event can such transition take longer than the remaining month of November, as I begin my new opportunity December 1st." *Id*. He ended his email by writing, "My offer to avoid litigation between us is to pay me the 5833 we already discussed[,] and I'll process any existing settlements over the next two weeks without a personal claim for payment." *Id*.

On November 24, Tom Rutledge, an attorney representing Schiller Kessler & Gomez, PLLC, wrote Lani a letter in response to his "my departure" email. Rutledge Letter 11/24/2015 1, ECF No. 8-1. In the letter, Rutledge asserted that Lani's email "constitute[d] a breach of the express terms of the Operating Agreement" because he failed to provide six months' written notice of his resignation. *Id*. Rutledge ended the letter by stating:

> In order to provide an opportunity to militate the situation, we extend you an offer that you provide a <u>written</u> plan for separation that addresses and resolves all of the issues identified in this letter and otherwise arising under the Operating Agreement. Absent your willingness to do so, [Schiller Kessler & Gomez, PLLC] will pursue its legal rights. Any communications with respect to that resolution should be to my attention and, again, must be in writing.

*Id*. at 3.

B.  <u>Procedural History</u>

As this Court has previously explained, Lani filed a purported derivative action on behalf of Schiller Kessler & Gomez, PLLC's membership interests in the Jefferson County, Kentucky Circuit Court on December 1, 2015. Compl. 1, ECF No. 1-1. Lani alleged that the individual defendants—Schiller, Kessler, and Gomez—began improperly sending fees earned by the company in Kentucky to their Florida business, Schiller Kessler & Gomez, PLC, which caused the Kentucky company to suffer financial losses. *Id*. ¶ 18–20.

In January 2016, Schiller Kessler & Gomez, PLC and the individual defendants, Schiller, Kessler, and Gomez, removed the suit to this Court under diversity jurisdiction, 28 U.S.C. § 1332. Not. Removal 1, ECF No. 1. That same day, Schiller Kessler & Gomez, PLC and the individual defendants moved to intervene and realign the parties so that Schiller Kessler & Gomez, PLLC would be a nominal defendant. Mot. Intervene 1, ECF No. 3. Defendants simultaneously moved to dismiss the suit with prejudice for lack of subject matter jurisdiction

4

under Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim under Rule 12(b)(6), and/or for lack of personal jurisdiction under Rule 12(b)(2). Mot. Dismiss 1, ECF No. 2.

In February 2016, Lani moved to remand the case to the Jefferson County Circuit Court. Mot. Remand 1, ECF No. 6. He also moved in the alternative to add Schiller Kessler & Gomez, PLLC as a defendant and then to remand the case to the state court. Mot. Am. 1, ECF No. 7. Lani also moved to stay a decision on Defendants' motion to dismiss and motion to realign the parties until the Court resolved an alleged conflict of interest on behalf of defense counsel, Stoll Keenon Ogden PLLC. Mot. Stay 1, ECF No. 8. Lani finally moved to file a sur-reply to Defendants' motions to dismiss and to intervene. Mot. Sur-Reply 1, ECF No. 11.

In its August 10, 2016 memorandum opinion and order, the Court addressed the pending motions:

1. Defendants' motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and/or failure to state a claim;
2. Defendants' motion to intervene and realign the parties;
3. Lani's motion to remand the case to the Jefferson County Circuit Court;
4. Lani's alternative motion to add a party defendant and to remand the case to the Jefferson County Circuit Court;
5. Lani's motion to hold in abeyance Defendants' motions to dismiss, and to intervene and realign the parties; and
6. Lani's motion for leave to file a sur-reply in response to Defendants' motions to dismiss, and to intervene and realign the parties.

Mem. Op. 8/10/2016 1, ECF No. 17. The Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and their motion to intervene and realign the parties. Order 8/10/16 1, ECF No. 18. The Court also denied Lani's motion to remand, denied as moot his alternative motion to add a party defendant, denied his motion to stay, and denied his motion for leave to file a sur-reply. *Id.* at 2.

Regarding its grant of Defendants' motion to dismiss for lack of subject matter jurisdiction, the Court explained that Kentucky Revised Statute § 275.337—the Kentucky statute

5

allowing a member of a limited liability company to bring a derivative suit on behalf of the company—states that a derivative action can only be brought "by a person who is a member at the time the action is commenced." Mem. Op. 8/10/2016 13, ECF No. 17. Pointing to Lani's "my departure" email, the Court determined that Lani had resigned no later than November 30, 2015. *Id*. Because Lani had resigned as a member of Schiller Kessler & Gomez, PLLC before he filed the purported derivative action on December 1, 2015, the Court found that he lacked standing to bring such a derivative action on behalf of the company under Kentucky law. *Id*.

The Court alternatively found that, even if Lani were a member of Schiller Kessler & Gomez, PLLC on December 1, 2015, the day he filed the purported derivative suit, the Kentucky Limited Liability Act states that a derivative suit can only be maintained by a member of the limited liability company, "implying that one must be a member throughout the litigation, not just at the moment of filing suit." *Id*. at 13–14. Because Lani had not maintained his membership in the company during the litigation, the Court found that Lani still did not have standing to assert a derivative suit on behalf of Schiller Kessler & Gomez, PLLC. *Id*. at 14.

After the Court dismissed the case for lack of subject matter jurisdiction, Defendants moved for an award of attorney fees and costs against Lani under Kentucky Revised Statute § 275.337(8)(a), which allows a court to grant such an award if "the proceeding or any portion thereof was commenced without reasonable cause or for an improper purpose." Mot. Att'y Fees, ECF No. 19. The Court found that Lani had commenced the derivative suit without reasonable cause because he did not having standing to bring the suit on behalf of Schiller Kessler & Gomez, PLLC given his non-membership and because he had engaged in a variety of "stalling tactics" that had unnecessarily increased the length and complexity of the litigation. Mem. Op.

12/19/2016 5, ECF No. 29. The Court thus granted Defendants' motion for attorney fees and costs. Order 12/19/2016 1, ECF No. 30.

IV. Discussion

Lani now moves to vacate or amend the August 10, 2016 memorandum opinion and order of the Court dismissing his claims without prejudice under Federal Rule of Civil Procedure 60(b). Mot. Vacate 1, ECF No. 34. He also moves to vacate or amend the December 19, 2016 memorandum opinion and order granting Defendants an award of attorney fees and costs under Federal Rule of Civil Procedure 59(e). Mot. Vacate 1, ECF No. 33.

    A.    Whether the Court's August 10, 2016 Memorandum Opinion and Order Dismissing the Claims Should Be Amended or Vacated under Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons such as "mistake, inadvertence, surprise, or excusable neglect," "fraud . . ., misrepresentation, or misconduct by an opposing party," or because "the judgment has been satisfied, released, or discharged." Rule 60(b) relief is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citing *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

The moving party has the burden of showing that he or she is entitled to relief under Rule 60(b). *Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 334 (6th Cir. 2003). The moving party cannot rely on Rule 60(b) to avoid the "consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Federal's, Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977). Additionally, the moving party cannot use Rule

7

60(b) as a "second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Lani argues that the Court should vacate or amend its August 10, 2016 memorandum opinion and order because (1) the Court erred in deciding disputed issues of material fact, (2) the Court erred as a matter of law regarding whether he had standing to maintain his derivative suit, (3) the Court lacked subject matter jurisdiction to adjudicate the underlying dispute, (4) even if the Court had jurisdiction over the suit, it should have remanded the case to the Jefferson County Circuit Court, and (5) even if the Court had jurisdiction over the suit and venue were proper, it should have abstained from exercising jurisdiction under *Burford* abstention principles or held an evidentiary hearing on defense counsel's alleged conflict of interest. Mem. Supp. Mot. Vacate 1–17, ECF No. 34-1.

*i. Whether the Court erred in deciding disputed issues of material fact*

Lani argues that the August 10, 2016 memorandum opinion and order dismissing his claims should be amended or vacated because the Court erred in deciding disputed issues of material fact. *Id*. at 1–6. Before turning to issues of material fact, however, Lani asserts that the Court should have treated Defendants' motion to dismiss the claims as a motion for summary judgment under Federal Rule of Civil Procedure 56(a). *Id*. at 2. Lani explains that the Court considered the "my departure" email and the operating agreement in deciding whether to dismiss the claims, and thus the motion was one for summary judgment. *Id*. Defendants argue in opposition that the Court properly treated their motion as a motion to dismiss under Rule 12(b)(1). Resp. Opp. Mot. Vacate 6, ECF No. 43.

8

When examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may "weigh evidence to confirm the existence of the factual predicates for subject matter jurisdiction." *Global Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (citing *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). In this case, Defendants moved to dismiss Lani's claims for lack of jurisdiction under Rule 12(b)(1) based upon the underlying factual predicate that Lani lacked authority as a non-member of Schiller Kessler & Gomez, PLLC to bring a derivative action on the company's behalf. Mot. Dismiss 7–8, ECF No. 2-1. The Court had to determine whether Lani was a member of the company before ruling on the standing issue. The Court thus was able to consider evidence, including the "my departure" email and the operating agreement, regarding Lani's membership in Schiller Kessler & Gomez, PLLC in ruling on Defendants' Rule 12(b)(1) motion. The Court was not required to treat Defendants' motion as a motion for summary judgment under Rule 56(a), as Lani claims.

Lani also contends that the Court erred in finding that he resigned and that his resignation was effective on November 30, 2015. *Id.* at 1–6. Lani asserts that he merely offered to resign from Schiller Kessler & Gomez, PLLC and that Defendants rejected his offer and provided him with a counteroffer. *Id*. at 5. In support of his interpretation of the facts, he references part of a sentence of the "my departure" email he sent on November 18, 2015, which states, "My offer to avoid litigation." *Id*. at 3. He also points to "facts" that he says purport to show that he continued to be a member of Schiller Kessler & Gomez, PLLC after he sent the "my departure" email. *Id*. at 3. For example, Lani says that television advertisements that featured him acting on behalf of the company continued to be broadcast through December 2015 and December 2016, and that he screened potential clients for the company through March 2016. *Id*. at 4.

9

Defendants maintain, however, that the Court correctly interpreted Lani's "my departure" email as a resignation, rather than as an offer to resign. Resp. Opp. Mot. Vacate 7–8, ECF No. 43. Defendants further assert that the facts Lani advances in support of his argument do not change that he resigned or show that the Court committed an error warranting reversal. *Id*. at 8–11.

The Court properly interpreted the "my departure" email as Lani's resignation, rather than an offer of resignation. In the text of Lani's "my departure" email, he stated that he did not intend to continue his relationship with Schiller Kessler & Gomez, PLLC longer than necessary and that "[i]n no event can such transition take longer than the remaining month of November," as he was to "begin [his] new opportunity December 1." Lani Email 1/8/2016 2, ECF No. 43-1. Lani's email makes clear that he intended to resign from Schiller Kessler & Gomez, PLLC. And, contrary to Lani's statement that his email contained a mere offer to resign, the only offer that the Court is able to perceive in the text of the email is an "offer to avoid litigation." *See id*.

The "facts" that Lani says show that he continued to remain a member of Schiller Kessler & Gomez, PLLC do not change this conclusion. The "facts" do not appear in the record. And, regardless, they do not demonstrate that Lani continued to remain a member of the company—only that Lani continued provide work for and appear on behalf of Schiller Kessler & Gomez, PLLC.

Moreover, Lani fails to show why he could not present the alleged facts earlier in the litigation or why the evidence would have resulted in a different judgment. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (To succeed under Rule 60(b)(2) based on newly discovered evidence, the "movant must demonstrate (1) that [he] exercised due diligence in obtaining the information and (2) [that] 'the evidence is material and controlling and clearly

would have produced a different result if presented before the original judgment.'") (citing *New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200–01 (5th Cir. 1993)).

As the Court correctly interpreted the "my departure" email as Lani's resignation in ruling on Defendants' motion to dismiss, the motion to vacate or amend the August 10, 2016 memorandum opinion and order will be denied on the grounds that the Court erred in deciding disputed issues of material fact, namely that Lani continued to be a member of Schiller Kessler & Gomez, PLLC past November 2015.

> *ii. Whether the Court erred as a matter of law regarding whether Lani had standing to maintain his derivative suit*

Lani contends that his motion to vacate or amend the Court's August 10, 2016 memorandum opinion and order should also be granted because the Court erred in interpreting Kentucky Revised Statute § 275.337 when it found that he did not having standing to bring a derivative action on behalf of Schiller Kessler & Gomez, PLLC because he was not a member at the time of filing suit. Mem. Supp. Mot. Vacate 6–8, ECF No. 34-1. Defendants argue, however, that the Court correctly ruled that the statute permitting derivative actions requires the plaintiff to be a member of the limited liability company at the time of filing suit and to maintain that membership throughout the litigation. Resp. Opp. Mot. Vacate 11–14, ECF No. 43.

Kentucky Revised Statute § 275.337(3) provides:

> "A derivative action on behalf of a limited liability company shall be maintained only by a person that is a member at the time the action is commenced and who . . . . [w]as a member when the conduct giving rise to the action occurred . . . or . . . [a]cquired the status as a member by operation of law pursuant to the terms of the operating agreement from a person that was a member at the time of the conduct giving rise to the action occurred.

There is a lack of Kentucky case law interpreting this portion of the Kentucky Limited Liability Company Act. But in *Bacigalupo v. Kohlhepp*, the Kentucky Court of Appeals interpreted

11

Kentucky Revised Statute § 271B.7-400(1) as requiring a plaintiff to be a shareholder throughout a shareholder derivative suit to maintain standing. 240 S.W.3d 155, 157 (Ky. Ct. App. 2007). In *Bacigalupo*, the plaintiffs brought a derivative action on behalf of a corporation. *Id*. at 155. They alleged that the defendants had breached their fiduciary duties, which caused the corporation and its subsidiary to violate laws and suffer long-term financial losses. *Id*. at 155–56. The district court dismissed the case on procedural grounds. *Id*. at 156. The plaintiffs appealed. *Id*. During the pendency of the appeal, the corporation merged with another company, and the plaintiffs' shares were cancelled. *Id*. The defendants then filed a motion to dismiss the appeal, alleging that the plaintiffs no longer had standing to assert a derivative claim on behalf of the corporation. *Id*. The appellate court held "continuous ownership by a shareholder to be a necessity in order to retain standing to prosecute a derivative action under KRS Chapter 271B in Kentucky" and therefore dismissed the plaintiffs' claims. *Id*. at 157.

Given this Kentucky precedent and the plain language of Kentucky Revised Statute § 275.337(3), the Court finds that it properly interpreted this statute as requiring Lani to be a member at the time of filing the law suit and throughout the action. Given that Lani, at minimum, has not maintained his membership throughout the current action, he lacks standing to bring a derivative action on behalf of Schiller Kessler & Gomez, PLLC. Lani's motion to vacate or amend the August 10, 2016 memorandum opinion and order will be denied based on his argument that the Court erred in finding otherwise.

> *iii. Whether the Court lacked subject matter jurisdiction to adjudicate the underlying dispute*

Lani contends that the Court should vacate or amend its August 10, 2016 memorandum opinion and order because it lacked jurisdiction to adjudicate the claims. Mem. Supp. Mot. Vacate 8–10, ECF No. 34-1. Lani argues that diversity of citizenship ceased to exist after the

Court granted Defendants' motion to intervene and realign the parties so that Schiller Kessler & Gomez, PLLC would be named as a nominal defendant. *Id*. Lani explains that Schiller Kessler & Gomez, PLLC "is a citizen of Kentucky based on [his] membership" and thus, when the company was repositioned as a nominal defendant in the case, there no longer was complete diversity among the parties. *Id*. at 10. Defendants, however, assert that the realignment of Schiller Kessler & Gomez, PLLC as a nominal defendant did not disturb the presence of complete diversity among the parties. Resp. Opp. Mot. Vacate 14–17, ECF No. 43.

The diversity statute provides that district courts have original jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the dispute is between "citizens of different States." 28 U.S.C. § 1332(a). For purposes of determining whether diversity jurisdiction exists in a shareholder derivative action, the company is antagonistic to the shareholder and is properly aligned as a party defendant. *Nelson v. Gammon*, 478 F. Supp. 630, 632 (W.D. Ky. 1979), *aff'd*, 647 F.2d 710 (6th Cir. 1981). Given *Nelson*, the Court properly realigned Schiller Kessler & Gomez, PLLC as a nominal defendant in the case.

Lani's argument that the Court erred in finding complete diversity because Schiller Kessler & Gomez, PLLC is a citizen of Kentucky based on Lani's membership in the company lacks merit. As stated in the August 10, 2016 memorandum opinion and order and confirmed above, Lani is no longer a member of the company; he resigned after sending the "my departure" email. Therefore, his citizenship does not affect the citizenship of Schiller Kessler & Gomez, PLLC, and the Court properly determined that Defendants had met their burden in establishing diversity jurisdiction upon the realignment of the parties. The Court will accordingly deny Lani's motion to vacate or amend its August 10, 2016 memorandum opinion and order based on his argument that there is not complete diversity among the parties.

> *iv. Whether the Court should have remanded the case to the Jefferson County Circuit Court*

Lani alternatively argues that the Court should grant his motion to vacate or amend its August 10, 2016 memorandum opinion and order because, even if the Court had jurisdiction, it should have remanded the case to the Jefferson County Circuit Court. Mem. Supp. Mot. Vacate 10–15, ECF No. 34-1. In support, Lani points to the operating agreement's forum selection clause, which requires the parties to bring controversies in Kentucky courts. *Id*. Defendants contend in opposition that Lani waived his forum selection clause argument by failing to timely assert it and that the argument is contrary to Sixth Circuit precedent. *Id*. at 17–21.

Under 28 U.S.C. § 1447(c), a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Here, Lani did not raise the argument that the Court should remand the case to the Jefferson County Circuit Court given the forum selection clause in the operating agreement until he moved to file a sur-reply to Defendants' motion for fees in September 2016, more than 30 days after Defendants had removed the case to this Court. Mot. Sur-Reply 3–5, ECF No. 23-1; Not. Removal 1, ECF No. 1. Lani thus waived the argument that the Court should have remanded the case to the Jefferson County Circuit Court based on the operating agreement's forum selection clause.

Lani's forum selection clause argument also lacks merit. A party may waive the right to remove a case from state to federal court in a forum selection clause, but "such waiver must be 'clear and unequivocal.'" *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009) (citing *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)). Here, the operating agreement's the forum selection clause states, in relevant part:

> The parties irrevocably agree that any legal action, suit or proceeding against, individual, jointly or severally, with respect to the enforcement of any other matter under or arising out of or in connection with this Agreement or for recognition or enforcement of any arbitration or other judgment rendered in any such action, suit or proceeding, shall be brought in the Jefferson (Ky.) Circuit Court, and by execution and delivery of this Agreement, the parties hereby irrevocably accept and submit to the exclusive in personam jurisdiction of such court generally and unconditionally with respect to any such action, suit or proceeding for themselves jointly and severally an in respect of their property. . . . Nothing herein shall in any way be deemed to limit the ability of a party to serve any writs, process or summons in any other manner permitted by applicable law or to obtain jurisdiction over a party, jointly or severally, in such other jurisdictions and in such manner, as may be permitted by applicable law.

The forum selection clause in the operating agreement does not appear to waive the parties' right to remove a case to federal court, and certainly does not do so either clearly or equivocally; it only speaks to where the plaintiff must originally bring an action. Thus, Lani's argument that the Court should have remanded the case to the Jefferson County Circuit Court based on the operating agreement's forum selection clause is unavailing. The Court will accordingly deny Lani's motion to vacate or amend the August 10, 2016 memorandum opinion and order based on this argument.

> *v. Whether the Court should have abstained under Burford abstention principles or held an evidentiary hearing on defense counsel's alleged conflict of interest*

Lani finally maintains that the Court should vacate or amend its August 10, 2016 memorandum opinion and order because, even if jurisdiction and venue were proper, it should have abstained from exercising jurisdiction under *Burford v. Sun Oil*, 319 U.S. 315 (1943) because the case involves the state's regulation of the practice of law. Mem. Supp. Mot. Vacate 15–17, ECF No. 34-1. Defendants assert, however, that the Court properly rejected Lani's *Burford* abstention argument. Resp. Opp. Mot. Vacate 21–25, ECF No. 43.

As this Court properly explained in its August 10, 2016 memorandum opinion, the *Burford* doctrine provides that a federal court may decline to exercise diversity jurisdiction when

the exercise of that jurisdiction would disrupt a state administrative scheme. *Saginaw Hous. Com'n v. Bannum, Inc.*, 576 F.3d 620, 625 (6th Cir. 2009) (discussing *Burford*, 319 U.S. at 318, 332). "The key question is whether an erroneous federal court decision could impair the state's effort to implement its policy." *Id.* at 625.

Lani's arguments regarding *Burford* abstention principles are identical to those he raised in his motion to remand. For example, in his motion to remand, Lani wrote, "The case at bar is not merely a corporate derivative action, but one involving the ownership and control of a law firm operating in Kentucky." Mot. Remand 4, ECF No. 6-1. Lani now asserts that the "case at bar is not any corporate derivative action, but one involving the ownership and control of a law firm, a matter implicating regulation of the practice of law." Mem. Supp. Mot. Vacate 15, ECF No. 34-1. In both motions, Lani cites to the same Kentucky Supreme Court Rule of Professional Conduct and asserts the same arguments regarding the need for the Court to abstain from hearing the case. This is procedurally improper in a motion to vacate or amend under Federal Rule of Civil Procedure 60(b).

Lani also maintains that the Court was required under Kentucky law to hold an evidentiary hearing on the alleged conflict of interest presented by Stoll Keenon Ogden, PLLC's participation in the case as defense counsel. *Id.* at 17. The Court's March 9, 2017 memorandum opinion addressed the issue; the Court held that no evidentiary hearing was needed because the Court was able to conduct a factual inquiry without a hearing that would allow for appellate review. Mem. Op. 3/9/17 9, ECF No. 51. The Court finds that Lani has raised no new arguments regarding the issue, and thus will again find that an evidentiary hearing on defense counsel's alleged conflict of interest is unnecessary.

      B.      <u>Whether the Court's December 19, 2016 Memorandum Opinion and Order Granting Defendants an Award of Attorney Fees and Costs Should be Vacated or Amended under Federal Rule of Civil Procedure 59</u>

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment. "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). To obtain relief under Rule 59(e), the moving party must show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). The moving party cannot use Rule 59(e) to "present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. That is, the moving party cannot use a Rule 59(e) motion to effectively "re-argue a case." *Id*. (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Lani argues that the Court should vacate or amend the December 19, 2016 memorandum opinion and order because (1) the Court should have applied the standard of malicious prosecution and abuse of process in interpreting Kentucky Revised Statute § 275.337(8)(a), (2) the Court erred in invoking Kentucky Revised Statute § 275.337(8)(a) after dismissing the claims without prejudice, and (3) the Court's order was based on its erroneously-decided August 10, 2016 memorandum opinion and order that dismissed his claims. Mem. Supp. Mot. Vacate 17–22, ECF No. 34-1. As the Court addresses and rejects Lani's argument that the August 10, 2016 memorandum opinion and order were erroneously decided above, the Court will address only the first and second arguments that Lani offers in support of his Rule 59(e) motion.

>  *i. Whether the Court should have applied the standard of malicious prosecution and abuse of process*

Lani argues that because the torts of malicious prosecution and abuse of process require an "ulterior purpose" as an element, the Court should have relied upon Kentucky case law in deciding that he filed his purported derivative action for an improper purpose under Kentucky Revised Statute § 275.337(8)(a). *Id*. at 17–20. Defendants maintain that the Court never found that Lani commenced his derivative action for an improper purpose. Resp. Opp. Mot. Vacate 7, ECF No. 44.

In its December 19, 2016 memorandum opinion and order, the Court awarded Defendants attorney fees and costs because Lani had commenced the derivative suit without reasonable cause; it did not find that Lani had filed his derivative suit for an improper purpose. The Court explained, "As a non-member of [Schiller Kessler & Gomez, PLLC], Lani did not have standing to bring the derivative action purportedly on behalf of the limited liability company when he filed suit on December 1, 2015." Mem. Op. & Order 12/19/2016 5, ECF No. 29. Moreover, "[f]urther revealing that the suit was commenced without reasonable cause is that Lani engaged in a variety of stalling tactics." *Id*. As such, Lani's argument that the Court erred in failing to apply the element of an "ulterior purpose" fails, and the Court will deny Lani's motion to vacate or amend the December 19, 2016 order on this ground.

>  *ii. Whether the Court erred in invoking Kentucky Revised Statute § 275.337(8)(a) after dismissing the claims without prejudice*

Lani argues that the Court erred in applying Kentucky Revised Statute § 275.337(8)(a) because the statute does not permit the awarding of attorney fees and costs when a case is dismissed without prejudice. Mem. Supp. Mot. Vacate 20–21, ECF No. 34-1. Defendants

contend in opposition that "the plain language of the KRS 275.337(8) allows a court to award attorney's fees upon a dismissal without prejudice." Resp. Opp. Mot. Vacate 8–9, ECF No. 44.

There is a lack of Kentucky case law interpreting Kentucky Revised Statute § 275.337(8)(a). The statute provides:

> On termination of the proceeding brought pursuant to this section, the court may . . . [r]equire the plaintiff member to pay any defendant's reasonable expenses, including counsel fees, incurred in defending the proceeding to the extent it finds that the proceeding or any portion thereof was commenced without reasonable cause or for an improper purpose.

Under the plain language of the statute, Kentucky Revised Statute § 275.337(8)(a) does not prohibit an award of attorney fees and costs when an action is dismissed without prejudice. Nor does it require one party to appeal the grant of a motion to dismiss before a court may award attorney fees and costs.

Moreover, because the Court has determined that, as a non-member, Lani lacks standing to file a derivative action on behalf of Schiller Kessler & Gomez, PLLC, he cannot now file the same "derivative" action in state or federal court. Thus, the Court will deny Lani's motion to vacate or amend the December 19, 2016 order based on his argument that Kentucky Revised Statute § 275.337(8)(a) does not permit the awarding of attorney fees when a case is dismissed without prejudice.

V.     Conclusion

The Court will deny Lani's motion to vacate or amend the August 10, 2016 memorandum opinion and order dismissing the claims without prejudice. The Court will deny Lani's motion to vacate or amend the December 19, 2016 memorandum opinion and order granting Defendants an award of attorney fees and costs. The Court will also deny Lani's auxiliary requests that his motion to remand be granted, that he be granted an award of attorney fees, and that the Court

19

stay the proceedings and conduct an evidentiary hearing on the alleged conflict of interest involving defense counsel. An order will be issued in accordance with this memorandum opinion.

March 16, 2017

Charles R. Simpson III, Senior Judge
United States District Court