UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALAN LANI, on behalf of
SCHILLER KESSLER & GOMEZ, PLLC,
A Kentucky Professional Limited Liability Company         PLAINTIFF

v.                          CIVIL ACTION NO. 3:16-CV-00018-CRS

SCHILLER KESSLER & GOMEZ, PLC,
A Florida Professional Limited Company,
MARC SCHILLER; ANDREW KESSLER;
MARCELO GOMEZ;
SCHILLER KESSLER & GOMEZ, PLLC                            DEFENDANTS

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Defendant Schiller Kessler & Gomez, PLLC ("the Company") to amend the December 19, 2016 order of this Court, ECF No. 31. Plaintiff Alan Lani responded, ECF No. 35. The Company replied, ECF No. 40. For the reasons explained below, the Court will grant in part and deny in part the Company's motion to amend the December 19, 2016 order.

II.  Background

As this Court has previously explained, Lani filed a purported derivative action on behalf of the Company's membership interests in the Jefferson County, Kentucky Circuit Court. Compl. 1, ECF No. 1-1. Lani alleged that the individual defendants—Marc Schiller, Andrew Kessler, and Marcelo Gomez—began improperly sending fees earned by the Company in Kentucky to their Florida business, Schiller Kessler & Gomez, PLC, which caused the Company to suffer financial losses. *Id.* ¶ 18–20.

In August 2016, this Court found that Lani lacked standing to bring the current action. Mem. Op. 14, ECF No. 17. The Court thus dismissed the complaint without prejudice. Order 1, ECF No. 18. Defendants Schiller Kessler & Gomez, PLC, Schiller, Kessler, Gomez, and the Company (collectively, "Defendants") then moved for an award of attorney fees and costs under Kentucky Revised Statute § 275.337(8)(a) against Lani. Mot. Att'y Fees, ECF No. 19. The Court granted the motion for attorney fees ("the December 19, 2016 order"). Order 12/19/2016, ECF No. 30. Most recently, the Court denied Lani's motion to vacate or amend the dismissal of the claims and the December 19, 2016 order. Order 3/17/2017, ECF No. 54.

III.   Discussion

The Company now seeks to amend the December 19, 2016 order in two ways. First, they seek to require Lani to pay an additional $17,061.56 in costs, expenses, and attorney fees that it incurred between August 19, 2016 and November 1, 2016. Mot. Amend 1–2, ECF No. 31. In support of its motion to amend, the Company explains that it incurred the additional $17,061.56 as a result of its moving for attorney fees in August 2016, replying to Lani's response to its motion for attorney fees, and opposing his later-denied motion to file a sur-reply to its reply. Mem. Supp. Mot. Amend 4, ECF No. 31-1. In response, Lani argues that the Court erred in deciding the underlying motion to dismiss. Resp. Opp. Mot. Dismiss 1–5, ECF No. 35.

The Company will not be permitted to recover attorney fees related to its original motion for attorney fees, reply to Lani's response, and response to Lani's motion to file a sur-reply. Thus, the Court will deny the Company's motion to amend the December 19, 2016 order to require Lani to pay an additional $17,061.56 in costs, expenses, and attorney fees.

The Company also seeks to amend the December 19, 2016 order under 28 U.S.C. § 1961(a) to specify that post-judgment interest applies to the order. Mot. Amend 1–2, ECF No.

31. The Company maintains that it hopes "that inclusion of post-judgment interest will prompt Plaintiff Lani to expeditiously reimburse the company for the costs, expenses and attorneys' fees it has been awarded." Mem. Supp. Mot. Amend 6, ECF No. 31-1. The Company also contends that the post-judgment interest will "further protect and compensate the Company for having to incur these costs, expenses and attorneys' fees" if Lani does not pay the award. *Id*. Lani again responds by arguing that the Court erred in deciding the motion to dismiss. Resp. Opp. Mot. Dismiss 1–5, ECF No. 35.

28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." And [s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id*. In the Sixth Circuit, attorney fees are considered part of "any money judgment" under § 1961(a). *Associated Gen. Contrs. of Ohio, Inc. v. Drabik*, 250 F.3d 482, 485 (6th Cir. 2001). Thus, post-judgment interest will apply to the December 19, 2016 order.

IV. <u>Conclusion</u>

The Court will grant in part and deny in part the Company's motion to amend the December 19, 2016 order. The Court will deny the Company's motion to amend the December 19, 2016 order to require Lani to pay an additional $17,061.56 in costs, expenses, and attorney fees. The Court will amend the December 19, 2016 order to clarify that post-judgment interest applies to the order. An order will be entered in accordance with this memorandum opinion.

March 24, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**